## Warfel *versus* Frantz *et ux.*

1. A bond for money borrowed by S. stated that S., H. and W. were bound to M. the lender and wife of F. After it was prepared by F. it was signed by S. and then by W. as surety; it was afterwards signed by C. but not by H. In a suit against W. he gave evidence that he signed it without reading, with the understanding that H. and C. were to be co-sureties, and that when W. handed it to F. he directed him to get the names of C. and H. to it. The court charged that in absence of an express stipulation by W., assented to by F., that it should not be delivered to M. until the names of C. and II. were signed, the contract was perfect as to W. *Held*, to be error; the bond was not binding on W. if he stipulated that it should not be delivered without the names of C. and II., although F. did not assent to the stipulation.

2. The assent of F. to the stipulation was not necessary to make the delivery conditional, or if it was, his assent was to be implied from the acceptance of the bond.

3. If W. handed the bond to F., with the understanding that it was to be signed by H. and C., it was a conditional delivery, and unless they signed the bond there could be no recovery against W.

May 5th 1874. Before AGNEW, C. J., SHARSWOOD, WILLIAMS, MERCUR and GORDON, JJ.

Error to the Court of Common Pleas of *Lancaster county* : Of May Term 1874, No. 43.

On the 14th of June 1870, Abraham M. Frantz and Mary Ann his wife to her use brought an action of debt against Abraham Scheetz and Jacob F. Warfel.

The cause of action was a bond, to wit :—

" Know all men by these presents, that I, Abraham Scheetz, of, &c., and Henry Scheetz and Jacob F. Warfel, of, &c., are held and firmly bound unto Mary Ann Frantz, of, &c., in the sum of eight hundred dollars, lawful money of Pennsylvania, to be paid to the said Mary Ann Frantz, or to her certain attorney, &c., to which payment well and truly to be made we bind ourselves, our heirs, executors and administrators. Sealed with my seal, dated the 1st day of April, one thousand eight hundred and sixty-seven.

" The condition of this obligation is such, that if the above bounden, Abraham Scheetz and Henry Scheetz, and Jacob F. Warfel, their heirs, &c., shall and do well and truly pay, &c., unto the above-named Mary Ann Frantz, or to her certain attorney, &c., the sum of four hundred dollars, on or before the 1st day of April next, ensuing the date hereof, with lawful interest, without fraud, &c.

| Sealed and delivered in presence of | ABRAM SCHEETZ, | [SEAL] |
|---|---|---|
| A. M. FRANTZ, | CHRISTIAN SCHEETZ, | [SEAL] |
| | JACOB F. WARFEL, | [SEAL] |
| | her | |
| DAVID E. CAMPBELL. | CATHARINE ⋈ SCHEETZ." | |
| | mark. | |

[Warfel v. Frantz.]

On this bond were endorsed receipts from Abram Frantz of interest for 1867 and 1868.

The case was tried September 2d 1873, before Livingston, P. J.

For plaintiff Abraham M. Frantz, one of the witnesses to the bond, testified that he was present when Jacob F. Warfel defendant signed the bond. Abraham Scheetz got the money; Christian Scheetz was his father. Witness prepared the bond; when Abraham Scheetz signed, the name of Warfel was not in the body of the bond, because it was not known whether he would be bail; the bond was explained to Warfel by Scheetz; when Warfel signed there was no name to the bond but Abraham Scheetz; Christian Scheetz asked Warfel if he would go with him on the bond; Warfel then signed; Henry's name was in it when explained; Henry's name was not read to Warfel; witness got Henry's name in by mistake in place of Christian's; they were brothers; it was not intended to put Henry's name in the bond. Warfel when he signed the bond did not give it to witness to get the names of Christian and Henry Scheetz to it; when asked to go on the bond, Warfel did not say that he would if Abraham, Christian and Henry Scheetz would go on it.

The defendant Warfel testified, that Abraham Frantz asked him if he would go on a bond for $400 providing Christian, Henry and Abraham Scheetz would go on; "I told him I would providing they, the three Scheetz, would go on with me. * * * Frantz read the bond to me as if Christian, Henry and Abraham Scheetz and I were bound in the bond for $400;" defendant then signed the bond and handed it to Frantz and told him to get the names of Henry and Christian on; defendant did not read the bond or look over it; the agreement when he signed was that Christian and Henry would sign; all three were to be on.

The defendant's sixth point and the answer were:—

Point: "If Warfel handed the bond over to Abraham M. Frantz with the understanding that he should procure to it the names of Christian and Henry Scheetz, it was only a conditional delivery, and unless such condition was complied with cannot be enforced."

Answer: "The handing of the bond, after signing it, by Warfel to Frantz, completed its delivery, and in the absence of fraud on the part of Frantz in obtaining it, or an express stipulation on the part of Warfel, assented to by Frantz, that it should not be given to Mary Ann Frantz, to whom it is made payable, until the names of Christian and Henry Scheetz were signed to it, made the contract expressed in the bond perfect in reference to Warfel, the defendant, and it may be enforced against him."

The court amongst other things charged: * * *

"We say to you, therefore, that the plaintiff is entitled to recover the amount due on this obligation from Warfel, the defend-

[Warfel *v.* Frantz.]

ant in this action, unless you find, from all the evidence in the cause, that Jacob F. Warfel, the defendant, from whom a recovery is now sought, was deceived, and induced by fraudulent and false representations and misstatements of fact, made by Abraham M. Frantz, to sign the bond in question, and become a responsible party to it; or, unless Warfel, when he executed the bond and handed it to Frantz, expressly stipulated that Frantz should not deliver the bond to Mrs. Frantz, to whom it is made payable, until the names of Christian Scheetz and Henry Scheetz were obtained to it, and Mr. Frantz so promised; in such case, until the condition was performed, there could be no legal delivery, and it would not be the bond of Warfel. * * *

" The mere fact that all the parties whose names are inserted in a joint and several bond have not signed it, is, after delivery, no defence, and does not prevent a recovery against one of a number who have signed it. In such case there is no implied condition that all named as obligors should sign it to make it binding on any ; if either party signing wished to protect himself, he should, when he signs, deliver the bond as an *escrow*, that is, when he executes the bond, he should *expressly stipulate* that it shall not be delivered, or effectual, until all the names mentioned in it are signed to it, and the agent of the party so receiving it, should so promise; the bond is, then, in the hands of the agent, in the nature of an *escrow*, and until the condition imposed be performed, it cannot be legally delivered, and therefore is not, and cannot be in law, the deed or bond of the party signing it and making such express stipulations. This does not appear to us to have been done in the present case, but it is a question of fact for your decision." * * *

The verdict was for the plaintiffs for $510.66.

The defendant removed the record by writ of error to the Supreme Court.

He assigned a number of errors; the fourth was the answer of the court to his sixth point.

*R. M. Agnew* and *N. Ellmaker*, for plaintiffs in error.—The party to whom a surety is bound must put the surety in possession of all the facts that may affect the extent of his liability : Chitty on Contracts 527, 528. Misrepresentation of the contents of the bond avoids it: Schuylkill Co. *v.* Copley, 17 P. F. Smith 386 ; Green *v.* N. Buffalo, 6 Id. 114.

*Andrew M. Frantz* and *W. R. Wilson*, for defendants in error.

Mr. Justice WILLIAMS delivered the opinion of the court, July 2d 1874.

[Warfel *v.* Frantz.]

The verdict of the jury establishes the fact that the defendant was not induced to sign the bond by false representations or misstatements of the plaintiff's husband and agent. He was, therefore, liable as surety for the amount of the bond, though it was not signed by one of the co-sureties named therein, unless its delivery was conditional, and only to become absolute upon obtaining his signature. Its possession by the plaintiff was primâ facie evidence of its actual delivery, and the burden of showing that it was delivered as an escrow was on the defendant. Whether its delivery was absolute, or conditional, was a question of fact for the determination of the jury, and if it was submitted to them with proper instructions the judgment must be affirmed; otherwise it must be reversed. The court charged the jury "that the plaintiff is entitled to recover the amount due on this obligation from Warfel, the defendant in this action, unless you find from all the evidence in the cause, that * * * Warfel, when he executed the bond and handed it to Frantz, expressly stipulated that Frantz should not deliver the bond to Mrs. Frantz, to whom it is made payable, until the names of Christian Scheetz and Henry Scheetz were obtained to it, and Mr. Frantz so promised; in such case, until the condition was performed, there could be no legal delivery, and it would not be the bond of Warfel." And in answer to the defendant's sixth point the court said: "The handing of the bond, after signing it, by Warfel to Frantz, completed its delivery, and in the absence of fraud on the part of Frantz in obtaining it, or an express stipulation on the part of Warfel assented to by Frantz, that it should not be given to Mary Ann Frantz, to whom it is made payable, until the names of Christian and Henry Scheetz were signed to it, made the contract expressed in the bond perfect in reference to Warfel, the defendant, and it may be enforced against him."

Undoubtedly it was not an absolute but a conditional delivery of the bond, if Warfel, when he handed it to Frantz, expressly stipulated, and Frantz promised, that it should not be delivered to his wife until the names of Christian and Henry Scheetz were obtained to it. But what if Frantz made no such promise? Was there then a good and valid delivery of the bond? If the defendant signed and handed it to Frantz upon the express condition that it was not to be delivered to his wife until the names of Christian and Henry Scheetz were obtained to it as co-sureties, then Frantz had no right to treat it as an absolute delivery, whether he expressly assented to the condition or not. It did not require his assent in order to make such a delivery conditional; and if it did, his assent would be implied from his acceptance of the bond. The defendant was under no obligation to sign it as surety. It was a voluntary act on his part, and he had the undoubted right to insist, as a condition precedent to its actual delivery, that it should be

[Warfel *v.* Frantz.]

signed by Christian and Henry Scheetz as co-sureties: and if he did, no liability would arise until the condition was complied with. But the jury may have inferred from the instructions of the court that such a condition would not have been binding unless it was expressly assented to by Frantz, and in this aspect of the case both the charge and the answer to the defendant's sixth point had a direct tendency to mislead them.   The court should have affirmed the point without qualification and instructed the jury in accordance therewith that if the defendant handed the bond to the plaintiff's husband with the understanding that he should procure to it the names of Christian and Henry Scheetz, it was only a conditional delivery, and unless such condition was complied with, its payment cannot be enforced.

The other assignments are not sustained, and there is nothing in them that calls for discussion.

Judgment reversed, and a *venire facias de novo* awarded. .