## Bassick Company v. Bright.

*Principal and surety—Surety for goods sold—Time of delivery—Waiver of time—Act of July 24, 1913.*

1. Where a person guarantees in writing an account for goods to be sold to a corporation, he becomes a surety under the Act of July 24, 1913, P. L. 971, unless the writing contains in substance the words "this is not intended to be a contract of suretyship."

2. If the writing provides that the person signing it is not to become liable as guarantor unless the goods are delivered within a specified time, and they are not delivered within the time specified, he is relieved of liability.

3. The seller of the goods was bound to accept the writing and its conditions or reject it entirely.

4. The fact that the surety as president of the corporation had waived the time of delivery did not carry with it a waiver of the condition as to his individual responsibility.

Affidavit of defence raising questions of law. C. P. Schuylkill Co., May T., 1924, No. 257.

*J. F. Mahoney* and *John L. Stauffer*, for plaintiff.

*M. A. Kilker*, for defendant.

Koch, J., March 22, 1926.—On Sept. 14, 1922, defendant wrote the plaintiff as follows: "I hereby guarantee the account of the Lubricator Manufacturing Company for the cost of tools and fifty thousand (50,000) Van Orsdale Automatic Oilers, prices not to exceed those quoted to you in your telegram of September 11th and confirmed in your letter of same date. This guarantee is with the understanding that those cups and tools are to be made according to specifications o. k.'d by Mr. Van Orsdale of our company; and with the further understanding that the cups are to be delivered as per sample o. k.'d by Mr. Van Orsdale, within seven weeks, or less, from the date the order is given."

On Sept. 20, 1922, the Lubricator Manufacturing Company wrote The Bassick Company as follows: "Please enter our order for 50,000 Automatic Oilers, price in accordance with your telegram September 11th, 1922—$10.25 per C. Tools not to exceed $1000.00 to be paid upon completion by the Lubricator Mfg. Company, Philadelphia. Terms on tools, net cash. Terms on oilers 1% 10 net 30, F. O. B. Bridgeport. This in accordance with letter of Mr. H. F. Bright, Sept. 14, 1922, which guarantee account of Lubricator Mfg. Co. when due. Delivery: 6 to 7 weeks or better."

A. A. Van Orsdale wrote and signed this letter for the Lubricator Manufacturing Company as its general manager. H. F. Bright was president of the company.

The plaintiff prepared the tools necessary for making the oilers at a cost of $834.46, and apparently shipped the same in January, 1923, to the Lubricator Manufacturing Company at Philadelphia. The plaintiff also made and shipped to the Lubricator Manufacturing Company over 28,000 automatic oilers in different shipments at various times, the first shipment being 134 oilers on Nov. 25, 1922, and the last shipment being 700 on Jan. 22, 1923. The plaintiff's total claim for the tools and oilers was $3741.10, but in this suit it gives credit for $700, which was paid by the Lubricator Manufacturing Company on account of the bill, to wit, May 7, 1923, $500, and June 13, 1923, $200.

On May 5, 1923, the Lubricator Manufacturing Company wrote The Bassick Company a letter, signed by the present defendant as president of the Lubricator Manufacturing Company, saying:

"We are in receipt of your favor of May 3, 1923, and we are enclosing herewith our check for $500.00 on account of the present bill and will send you $500.00 on this account every month until the same is liquidated.

"In regard to future shipments, we will pay you within thirty days from receipt of any goods ordered to be shipped, either by taking the cash discount of 2% within ten days or paying net in thirty days."

In the affidavit of defence raising questions of law, the defendant claims that his letter of Sept. 14, 1922, is a contract of guaranty and not of suretyship, and that the contract is subject to the expressed understanding that the cups were "to be delivered . . . within seven weeks, or less, from the date the order is given," whereas, nothing was delivered within seven weeks. Apparently, according to the statement of claim, the tools were delivered on Jan. 18, 1923, and over 21,000 of the oilers have not yet been delivered.

But these delays were apparently not disapproved of by the Lubricator Manufacturing Company; for, on May 5, 1923, its president, the said H. F. Bright, wrote the plaintiff as hereinabove fully quoted. However, the said delays do not alter the express condition under which Bright made himself liable to the plaintiff by his letter of Sept. 14, 1922, in which he said: "I guarantee the account . . . with the understanding that the cups are to be delivered . . . within seven weeks or less."

By an act entitled "An act to provide a method for determining the liabilities and rights of persons agreeing to be answerable for the default of another," approved July 24, 1913, P. L. 971, it is provided: "That every written agreement hereafter made by one person to answer for the default of another shall subject such person to the liabilities of suretyship and shall confer upon him the rights incident thereto, unless such agreement shall contain in substance the words: 'This is not intended to be a contract of suretyship,' or unless each portion of such agreement intended to modify the rights and liabilities of suretyship shall contain in substance the words: 'This portion of the agreement is not intended to impose the liability of suretyship.'"

The undertaking by Bright in his personal letter to the plaintiff on Sept. 14, 1922, made him subject to the legal effects of a suretyship, unless he is relieved therefrom by the expressed understanding that the cups had to be delivered within seven weeks from Sept. 20, 1922, when the order for them was given by his company over the signature of its general manager. The waiver of that condition, which may be implied from his company's said letter of May 5, 1923, which is signed by him as president of the company, does not carry with it also a waiver of the condition of his individual responsibility or suretyship.

The plaintiff was bound to accept the defendant's letter in its entirety; it could not accept that which suited it most; it was obliged to accept the letter

with its conditions or to reject it entirely. The plaintiff can neither add to nor subtract from the letter. The defendant's liability was conditioned upon the delivery of the oilers within seven weeks, and the later acceptance of the cups by the Lubricator Manufacturing Company could not enlarge the liability of the surety. Where a salesman gave his employer a bond for his proper accounting and delivery of moneys, books, accounts, goods, chattels, credits and property which came into his possession "during the time that he shall remain and continue in the employment or service" of the obligee, the obligee could not hold the surety accountable for moneys which the salesman had received prior to the date of the making of the bond: Bennett *v.* Haley, 142 Pa. 253. Bright became surety for a limited time only and, as nothing was done within that time to fix his obligation to the plaintiff, he cannot be held for what happened after the limit expired: Bank of Washington *v.* Barrington et al., 2 P. & W. 27. His suretyship was subject to the expressed stipulations under which it was made: Warfel *v.* Frantz, 76 Pa. 88. The liability of the surety in this case was contingent upon the plaintiff's compliance with the conditions annexed to the suretyship.

And now, March 22, 1926, the questions of law are decided against the plaintiff and judgment is entered for the defendant.

From M. M. Burke, Shenandoah, Pa.