# Anne Barde and Robert A. Farmer, administrators of John Louis Barde, plaintiff in error *against* James Wilson.

Filing of a declaration in causes submitted to reference, is not indispensably necessary.

Where defendant has appeared by attorney and judgment is entered against him, it shall be taken to be by confession.

In account render, a general reference may be entered by consent.

Every presumption is in favor of reports. Id certum est quod certum reddi potest.

A judgment on report of referees, with a stay of execution, until a deed for lands should be filed and approved of by the court, held good on error.

WRIT of error to Berks county. The original suit was brought in account render to August term 1796, and bail marked in 5000l. In December 1796, common bail was ordered by the court. In April 1798, judgment *quod computet,* was entered, and in May following, the matters in variance between the parties, were referred by consent, generally to persons agreed upon. The referees reported, that there was due to Wilson the sum of 12,459l. 10s. 9d., of which 5380l. was to be paid according to the conditions of sale of certain lands, being the amount of the purchases made by Barde, the intestate, and the residue in specie ; and that on the payment of the said consideration money of 5380l., Wilson should perfect a title for the lands agreed to be conveyed to the heirs of Barde. Hereupon a judgment was entered in December term 1798, for the plaintiff below, with stay of execution, until a deed should be produced and filed in court, and until the court should adjudge the same to convey a good estate in fee simple in the premises, unto the heirs of Barde.— No declaration was filed in the suit.

Mr. Rawle for the plaintiffs in error, took five exceptions to the record as follows :

1. No declaration appears to have been filed in the cause, which is indispensably necessary in all suits brought to judgment.

To this Messrs. Ingersoll and Bird Wilson for the defendant in error, answered, that the ground of filing declarations, was to apprise the defendant of the nature of the plaintiffs' demand, and put him on his defence. In account render, the writ is almost as special as the declaration, and conveys equal notice to the adverse party. But in cases of references, under our defalcation act, it is well known, that declarations are not indispensable, and so it is resolved in this court, in April term 1783, John Lesher *v.* Henry Gurney. Reports of referees are favoured, and not to be set aside on light grounds. 1 Dall. 82. The [*150 practice of the state on this subject, operates strongly against this objection.

2. It does not appear by the record, in what manner the judgment *quod computet* was obtained, whether by confession, default, or trial of an issue in fact or in law. Besides a general reference has been entered under the defalcation act, instead of an appointment of auditors at common law.

Ans. The judgment has been entered in the usual mode, and as an attorney appeared for Barde, the defendant below, it will be taken to be entered by confession. It appears, that the parties consented to change the nature of the suit, and substitute a reference of all matters in dispute between them instead of an appointment of auditors, who would be bound to state the account specially. This is an unusual mode of proceeding in this state. The parties have ratified this act, by appearing before the referees, and submitting to them the investigation of their different claims. They have been fully heard; and every presumption will be made in favour of a report under such circumstances.

3. The 5380l. the consideration of certain lands sold to Barde, is directed to be paid according to the terms of sale; but these terms do not appear in the report.

Ans. There would be a much stronger ground of exception, if this cause had not been inserted. By the conditions of sale of Mr. Wilson's lands in Berks county, all bonds or notes which he had executed, and which became due at the time of any payment for his lands, were agreed to be taken as cash. Owing to the embarrassed state of his affairs, his paper underwent a rapid depreciation, and purchasers of his lands bought up his bonds, and notes at a very low rate. This advantage was secured to the defendant below by the report. The subject was fully discussed before the referees. The conditions of sales are in writing, and clear and intelligible; and *id certum est, quod certum reddi potest.*

4. The defendant in error is not to complete a title, until he receives the full sum of 5380l.

It is very unreasonable that he should sweep away the whole estate of Barde to the prejudice of other creditors in equal degree. The report gave to him an undue advantage, contrary to the evident intent of the act of 19th April 1794. An award *affecting the interest of strangers, is bad in itself; besides Mr. Wilson would obtain by the report a lien on the lands sold for the general balance of his accounts beyond the sum due for this real property. Equity will never create a lien, which does not arise from the nature of the contract.

Ans. There is no suspicion of a deficiency in the assets of Barde. In such a case the court would exercise their equitable powers. 1 Dall. 364. It is not contended that Wilson's representatives shall have any preference over creditors in equal

[Darrah's Executors v. Bayard.]

degree, beyond the 5380l. which are payable in his bonds and notes. As to the sum, the rule is applicable, he who seeks equity, must do equity. Max. in Equ. 1.—1 Cha. Ca. 97. 2 Cha. Ca. 87. And it being stipulated, that the payment of the consideration money should precede the conveyance, there can be no ground of complaint. That sum is payable in depreciated paper, and there is no lien for the general balance of accounts. The rights of creditors must necessarily be affected by every decision against their debtors.

5. The judgment as entered is a monstrous incongruity.— The intestate Barde delegated no power to the court of Common Pleas, to judge of the goodness of his title. A party may assign for error, what is for his advantage, if it be against the course of the court ; as that plaintiff was not amerced on failing in his suit.

Ans. This exception would have come with much more grace from the adverse party ; because the execution is stayed as to the plaintiff below, for the whole sum found due, until a complete title is made. Arbitrators may go further than a court of equity. 1 Ves. jr. 369. If any doubt should arise respecting the conveyance, it was left open for discussion, and the court ultimately would determine thereon. This is not novel. In a suit removed from Dauphin county, *v.* Michael Simpson, the report of referees, that a deed should be executed to be approved of by the court, upon the payment of the sum found due, received the sanction of this court.

·The court declared their opinion, that the different exceptions which had been taken by the plaintiffs in error, had been fully answered by the adverse counsel, and that they saw no sufficient cause to reverse the judgment.

Judgment affirmed.

Cited in 5 S. & R. 172 to show that arbitrators, under a voluntary reference, have a right to impose conditions on him in whose favor they award.
Cited in 10 S. & R. 231 in support of the decision that in account-render between partners, an award of referees, appointed under the act of 1705, of a sum of money to the plaintiffs, payable by instalment, is good.
Cited and followed in 14 Pa. 41.