The opinion of the court, (Tilghman, C. J. being absent,) was delivered by
Gibson, J.
An award of arbitrators who stand in the place of a jury, will be bad where a verdict would be bad; and a verdict for a debt or damages to be paid by instalments or in futuro, will not be sustained unless, perhaps, under particular equitable circumstances. Here however the action was not for a debt or for damages, but to have an account of a partnership, and therefore there is no room for an inference that the cause of action accrued after the *231 commencement of the suit. Account render is at best a clumsy remedy and so greatly inferior to a bill in equity that it is, in England, abandoned altogether. Here it is often necessary to submit the whole matter to arbitrators who unquestionably have powers as extensive as those of a chancellor, and who may therefore make a special award in the nature of a decree, adapted to the particular circumstances of the case : and a decree in the terms of this award would undoubtedly be good. But I take the point to have been substantially, if not expressly, decided in Bard’s Administrators, v. Wilson, 3 Yeates, 149. The exception to the award is therefore overruled.
Judgment affirmed.