The opinion of the court was delivered by
Duncan, J.
If this judgment can be maintained, it is because the record shows it to be a record by confession. It does not show that it is a judgment by the court, for what appeared to be due; and where there was an appearance by attorney, it is against all probability that the attorney confessed judgment, or that in fact five hundred dollars was the exact sum claimed by the plaintiff. The writ is in a plea of debt, not exceeding five hundred dollars, special bail in five hundred dollars, and the statement without date, on an implied promise for five hundred dollars, for work and labour. It was a round sum, not a debt ascertained by any alleged contract, of sufficient amount to cover any demand the plaintiff might recover. But, if five hundred dollars was the debt really due, the bail bond would neither cover the interest or costs. Debt not exceeding five hundred dollars, is any thing else than a precise demand of five hundred dollars. My own experience corresponds with the statement made by a very accurate gentleman of the York bar, that where the party confesses judgment in the office, it is a formal confession,. “I appear and confess judgment, &e.” and where it is done by an attorney, it is the practice to note it by consent. But it is incredible, that either the party or his attorney confessed judgment, for the exact sum of five hundred dollars, in this case. Indeed, the recent application to’open the judgment proves that this was not the case. We do not, by inquiring into the practice, go out of - the record, to reverse a judgment apparently regular; but, the inquiry here was made to support, if possible, a judgment irregular on its face — by a long *60 continued practice, which might have influenced the Court of Common Pleas, in refusing an application to set aside the judgment. The danger apprehended, by the counsel for the defendant in error, of striking off many judgments entered in the courts of York, is quite visionary, for there has been no practice to disturb* The evil never can be realised; and, for my own part, if the defend» ant had long acquiesced, and the judgment had been for any thing like a certain sum, I would suppose an ascertainment of the damages had taken place between the parties, and the acquiescence would amount to a ratification of the irregular judgment, presumptive ' confession, particularly where execution had issued, and the money been raised. But no such thing exists here; there is no ascertainment of any debt; the writ and statement are merely nominal; and the defendant in this action took the first opportunity to protest against it. The judgment is, therefore, reversed.
Judgment reversed*