## Hall and M'Kelvey *against* Law.

Every intendment will be made in support of a judgment, especially in a case where no motion was made in the court below to correct an apparent irregularity in the mode of entering it.

ERROR to the District Court of *Allegheny* county.

S. and A. Law against William Hall and Samuel M'Kelvey, trading in the name of Hall & M'Kelvey. This was an action on the case in assumpsit, founded upon two notes of the defendants. The writ was returned served upon M'Kelvey and *non est inventus* as to Hall. On the margin of the docket entry was " Findlay for M'Kelvey" and " *Van Amringe.*" " Affidavit of defence filed, and defendant M'Kelvey pleads *non assumpsit.* Issue. May 31 1839, judgment for sum due liquidated at $706.19." Upon this state of the record this writ of error was sued out and the following error assigned.

" That the judgment is entered for the plaintiff, when the defendant was in no default and without any rule of court or principle of law to justify it."

*Dunlop*, for plaintiff in error. The appearance by Van Amringe is for both defendants, 2 *Binn.* 145. That of Findlay is for M'Kelvey alone, and he pleads to issue. By what rule is it that a judgment by default is rendered against Hall? Or can it be said now whether the judgment is against one or both defendants? If there is an appearance for a defendant, there can be no judgment against him by default without a rule to plead. 11 *Serg. & Rawle* 85, 131. If Hall had been in default, the plaintiff should have taken judgment against him alone and proceeded to trial *tam ad triandum quam inquirendum.* 14 *Serg. & Rawle* 273 ; 3 *Penn. Rep.* 70 ; 4 *Serg. & Rawle* 237. If it was a judgment by confession, that must appear on the record. 5 *Watts* 257 ; 7 *Serg. & Rawle* 329 ; 10 *Serg. & Rawle* 346, 396.

*Robb*, for defendant in error, said that this judgment was entered in open court, and it was agreed that further proceedings should be stayed until the trial of the other case between the same parties, and it was to abide the result of that case : that case was tried at the next term, and a verdict and judgment rendered for the plaintiff. (See *ante* 121.)

[Hall and M'Kelvey v. Law.]

The opinion of the Court was delivered by

Rogers, J. — All things are presumed to be rightly done in a court of record; and we are bound by this maxim to intend that the court gave judgment on an agreement, or with the acquiescence of the parties. *Seybert* v. *The Bank*, (5 *Watts* 308). Every reasonable presumption is to be made in support of a judgment, and this general position is affirmed in *Zerger* v. *Gonter*, (13 *Serg. & Rawle* 58). That case rules, that a judgment entered generally, is not to be considered as a judgment by confession, under particular circumstances. The fair inference from the case is, that, but for the facts which rebutted the legal presumption, it would have been held a judgment by confession. The record did not show a judgment by the court for the sum which appeared to be due; there was no appearance by attorney, and, as the court said, it was against all probability that the attorney confessed a judgment, or that $500, the sum claimed, was the exact sum due. The only entry on the docket was, "9 January 1822, judgment," and the only mode of ascertaining the amount was by reference to the writ, which was in debt not exceeding $500, and special bail in the like sum. It moreover appeared that the defendant took an early opportunity to move the court to open the judgment. Well might the court say that it was contrary to all probability that it was a judgment confessed. But in almost every particular, *Zerger* v. *Gonter* is unlike this case. Here there was an appearance by attorney; the sum due was ascertained, and forms part of the judgment, and, what we esteem very material, the defendant has omitted, for a reason which we can readily conjecture, to apply to the District Court for relief. So far as the facts appear from the record, it confirms the legal presumption. It is the practice, in some counties, to make a special entry "judgment confessed," and this is the better practice, but it is not universal, and does not, it seems, extend to the county of Allegheny. If the judgment be reversed for this cause, many others must share the same fate, and it is desirable it should be avoided, if it can be done consistently with the well-established principles of law.

The second exception depends on the first. It is not, as has been shown, a judgment by default, but by confession. Of course, there is nothing in the exception. Besides, the counsel for the plaintiff in error has not thought proper to point out in what the defect of the count consists. We, however, see no substantial defect, although it might be amended in form.

Judgment affirmed.