Statement of Facts.


## T. P. M. BENNETT ET AL. v. E. C. HALEY ET AL.

APPEAL BY PLAINTIFFS FROM THE COURT OF COMMON PLEAS
OF CLEARFIELD COUNTY

Argued April 20, 1891—Decided May 4, 1891.

(*a*) A sales-agent executed to his principal a bond with warrant of attorney to enter judgment in a penal sum, conditioned that, during the time he should remain in their employment, he should truly account for all moneys, etc., which might or should come into his possession, by reason or on account of said service.

(*b*) The obligee's attorney, after filing a statement of claim under said bond, appeared for the obligor, also, and confessed judgment against him, not for the penalty of the bond, but for a sum which represented the amount of two due-bills given to the obligee by the obligor prior to the date of the bond:

1. In such case, the record showing that the sum for which the judgment was confessed was for an indebtedness that arose prior to the date of the bond, and was not covered by its conditions, which were for future indemnity alone, it was not error to strike the judgment from the record.

2. " It is possible the defendants did not contemplate, when they signed a warrant of attorney authorizing a confession of judgment against them for the penal sum, that the plaintiffs' attorney would appear for them, and proceed to liquidate the damages. Such action was not authorized : " Per Mr. Chief Justice PAXSON.


Before PAXSON, C. J., STERRETT, WILLIAMS, McCOLLUM and MITCHELL, JJ.

No. 23 July Term 1890, Sup. Ct. ; court below, No. 307 December Term 1889, C. P

On November 19, 1889, E. C. Haley and James Haley presented their petition averring :

That a judgment had been entered against the petitioners on a bond dated September 8, 1887, given by them to T. M. P. Bennett and D. C. Pennewill, trading as Bennett, Pennewill & Co., conditioned to indemnify said firm for all moneys which, after said date, should be received and collected by said E. C. Haley, as their traveling salesman; that, after the giving of said bond, the said E. C. Haley, as plaintiffs' salesman, had

Statement of Facts.

sold goods for them and collected moneys for said goods, and thereafter had transmitted to the plaintiffs the full amount of the moneys received by him, due to the plaintiffs under the terms and conditions of said bond, setting out the time when and the manner in which said settlement had been made. The petition then proceeded:

." That said plaintiffs have caused judgment to be confessed upon said indemnity bond for the sum of $357.84, as appears by the confession of judgment upon said bond; the said plaintiffs claiming the sum of $186.33, with interest from October 27, 1886, and the sum of $171.51, with interest from September 2, 1887.

"Defendants further say that, prior to the time said indemnity bond was given to said plaintiffs, the said E. C. Haley was indebted to the said plaintiffs upon two due-bills, one thereof for $186.33, due, as defendants believe, October 27, 1886, and one for $171.51, due September 2, 1887; that said indebtedness was incurred before said bond was given, but that the said bond was not given to secure said sums, or either of them, but was given to indemnify the plaintiffs for such sums of money as the said E. C. Haley should receive and be liable for to the said plaintiffs after the date of said bond, to wit, after the eighth day of September, 1887, as will appear by the terms and conditions of said bond.

"Said defendants further say that the said plaintiffs still hold the said due-bills, so given them as aforesaid, but that the said plaintiffs, in violation of the contract between them and the said defendants, and in violation of the terms and conditions of said indemnity bond, and the true intent and meaning thereof, have sought to make defendants liable for said due-bills, under said bond, which due-bills were given by said E. C. Haley alone, and for the amounts of which they have entered judgment as aforesaid."

Further averring that James Haley was but a surety upon said bond, and did not incur or assume any liability whatever for said due-bills, or either of them; that E. C. Haley had left the plaintiffs' employment about October 10, 1888, and had a just defence to a portion of the amount of said due-bills, for commissions to which he was entitled, the petitioners prayed that an execution issued on said judgment should be stayed,

Statement of Facts.

and for a rule upon the plaintiffs to show cause why the said judgment should not be stricken from the record, or opened and the defendants let into a defence, etc.

The record of the proceedings showed that on November 1, 1889, Mr. M. L. McQuown, as attorney for the plaintiffs, had filed an unverified statement of claim upon a judgment bond in favor of the plaintiffs, dated September 8, 1887, under the hands and seals of the defendants and in the sum of two thousand dollars, with warrant of attorney to confess judgment for said sum, with interest, etc.; "the amount actually due being $186.33, with interest from October 27, 1886, and $171.51, with interest from September 2, 1887, all of which said sums, with the interest thereon, is hereby certified to be justly due and owing by the said defendants to the said plaintiffs."

The bond itself was executed by the defendants on September 8, 1887, in the sum of $2,000, payable to T. P. M. Bennett and D. C. Pennewill, trading as Bennett, Pennewill & Co., reciting the employment of E. C. Haley as traveling salesman of said firm, and the commissions he was to receive, and having the following condition:

"Now, the condition of the foregoing obligation is such that if the said Edward C. Haley shall and will, whenever he from any cause ceases to be in the employment, or whenever called upon to do so by the said Bennett, Pennewill & Co., or their executors, administrators, or assigns, during the time that he shall remain and continue in their employment or service, well and truly account for and deliver up to the said Bennett, Pennewill & Co., their executors, administrators, or assigns, all moneys, books, accounts, goods, chattels, credits, and property, which may or should come into his possession, power, custody, or control, by reason or on account of the said work, service, or duty, or otherwise howsoever, then the aforesaid obligation to be void; otherwise to be and remain in full force and virtue."

Following the bond was a formal power of attorney, executed by the petitioners, "to any attorney of any court in the state of Pennsylvania or elsewhere," reciting the foregoing bond and its condition, and authorizing "you to appear for us," etc., and confess judgment against them for the sum of two thousand dollars, with release of errors, and with a waiver of the benefit of the exemption laws.

The confession of judgment filed with the said bond and warrant of attorney was as follows:

" By virtue of a special warrant of attorney, above mentioned and hereto annexed, I do hereby appear for E. C. Haley and James Haley, the defendants in the above stated action without writ, as of December Term 1889, and therein confess judgment against them and in favor of Bennett, Pennewill & Co., the plaintiffs, for the sum of $357.84, with interest from September 2, 1887, on $171.51, with interest from October 27, 1886, on $186.33, with costs of suit and release of all errors in the entering of said judgment, and issuing of any process thereon; the penal sum in said judgment bond being two thousand dollars, and the actual amount due on same being $357.84 with interest as above stated.          " M. L. McQuown,
                                                  " Attorney for defendants."


A rule to show cause, etc., granted upon the said petition having been argued, without answer filed but upon testimony taken, the court KREBS, P. J., on January 28, 1890, filed the following opinion and decree :

The judgment entered on the bond filed is wholly irregular. No judgment could be entered except for the penal sum named in the bond, conditioned for the payment of the real amount due under its provisions and conditions. There is nothing filed of record, tending to show what this amount is or how ascertained, nor is there anything to show, other than the unsworn statement, that the amount for which judgment is entered is the true amount. This judgment must, for these reasons, be stricken off. But the bond itself is conditioned in the future. Evidence dehors the record shows that the amounts claimed are debts incurred prior to the date at which the bond was given ; and while it is not necessary to decide the question now, I have grave doubts whether the claim of the plaintiffs can be brought within the conditions of this bond.

For the other reasons given, judgment stricken off.

—Thereupon the plaintiffs took this appeal, assigning the order striking off the judgment, for error.


*Mr. A. L. Cole* (with him *Mr. M. L. McQuown*), for the appellants.

Opinion of the Court.

Counsel cited: Humphreys v. Rawn, 8 W. 79; Grubb v. Willis, 11 S. & R. 107; Jones v. Dilworth, 63 Pa. 447; McCann v. Farley, 26 Pa. 173; Chambers v. Harger, 18 Pa. 15; Reynolds v. Lowry, 6 Pa. 465.

*Mr. Frank Fielding,* for the appellees.

Counsel cited: Hutchinson v. Ledlie, 36 Pa. 112; Allen v. Krips, 119 Pa. 1; Banning v. Taylor 24 Pa. 293; Cobb Bros. v. Yetter, 4 Pa. C. C. R. 293.

PER CURIAM:

The single complaint here is that the court below erred in striking appellants' judgment from the record. The judgment was entered upon a warrant of attorney accompanying a cautionary bond given by Edward C. Haley to the plaintiffs, with James Haley as surety. The bond, after reciting the employment of Edward C. Haley by plaintiffs' firm as a traveling salesman, contains this condition:

"Now, the condition of the foregoing obligation is such that if the said Edward C. Haley shall and will, whenever he from any cause ceases to be in the employment, or whenever called to do so by the said Bennett, Pennewill & Co., or their executors, administrators, or assigns, during the time that he shall remain and continue in their employment or service, well and truly account for and deliver up to the said Bennett, Pennewill & Co., their executors, administrators, or assigns, all moneys, books, accounts, goods, chattels, credits, and property which may or should come into his possession, power, custody, or control, by reason or on account of the said work, service, or duty, or otherwise howsoever, then the aforesaid obligation to be void; otherwise to be and remain in full force and virtue."

The bond bears date the eighth day of September, 1887, and provides for the future only.

The plaintiffs' attorney, after filing a statement of plaintiffs' claim under this bond, appeared also for the defendants and confessed judgment, not for the two thousand dollars penalty named in the warrant, but for the sum of $357.84. It appears from the confession of judgment itself, which is part of the record, that the said sum was composed of two items, viz., $186.33, with interest from October 27, 1886, and $171.51, with

Syllabus.

interest from September 2, 1887. It is possible the defendants did not contemplate, when they signed a warrant of attorney authorizing a confession of judgment against them in the penal sum of two thousand dollars, that the plaintiffs' attorney would appear for them, the defendants, and proceed to liquidate the damages. Such action was not authorized by the warrant of attorney. Moreover, the record shows that the sum for which the judgment was confessed was for debts which arose prior to the date of the bond, and which were not covered by its conditions. It thus appears upon the face of the record that the judgment was confessed without any lawful authority. Under such circumstances, the court below was justified in striking it off.

Judgment affirmed.