Francis A. North and George Miller, Copartners, trading as F. A. North & Co., Appellants, *v.* Mrs. E. M. Yorke.

*Judgment—Striking off judgment.*

Judgments cannot be legally stricken from the record save for irregularity or illegality.

The motion to strike off judgment is essentially a common law proceeding, a short and summary substitute for an audita querela, a writ of error coram nobis, or a certiorari or a writ of error from a superior court, by which the same relief was administered. Being for irregularity apparent on the face of the proceedings, it is in the nature of a demurrer to the record and is not confined to any particular kind of judgments, nor limited as to the time it may be taken advantage of, nor affected by matters dehors the record, except so far as defendant may have put himself in position to be estopped from making the objection.

On the sixteenth day after a writ and statement of claim were served on the defendant, judgment by default was entered for want of an affidavit of defense, and the damages liquidated. An appearance was entered for the defendant a week before judgment was entered, but no affidavit of defense was filed until nine days after the entry of judgment. *Held*, that the court was powerless to strike the judgment from the record, inasmuch as it was not only regular on its face, but perfectly regular and valid in point of fact.

Argued Feb. 4, 1896. Appeal, No. 313, January T., 1895, by plaintiffs, from order of C. P. Montgomery Co., Dec. T., 1894, No. 102, striking off judgment. Before STERRETT, C. J., GREEN, MCCOLLUM, MITCHELL and FELL, JJ. Reversed.

Rule to show cause why judgment should not be opened. Before SWARTZ, P. J.

The court made an order striking off the judgment from the record.

The facts appear by the opinion of the Supreme Court.

*Error assigned* was order striking off judgment.

*Joseph Fornance* and *Francis Chapman* of *Chapman & Chapman*, for appellants.—It was error to strike off a judgment regular on its face: Weigley v. Teal, 125 Pa. 498; Newbold v. Pennock, 154 Pa. 591; act of May 25, 1887, P. L. 271; Mar-

lin v. Waters, 127 Pa. 177; Weeks on Attorneys at Law, 2d ed. 573 ; Lumber Co. v. Ins. Co., 167 Pa. 231 ; Kelly v. Schollenberger, 16 W. N. C. 507.

*Henry Pleasants* and *George W. Reed,* for appellee.—It is to be noticed that the application of defendant's counsel was " to open the judgment and let the defendant into a defense." And although the decree struck off the judgment, yet this action was essentially a sanction of the prior act of filing the affidavit, or permitting it to be filed nunc pro tunc : King v. Brooks, 72 Pa. 363 ; Breden v. Gilliland, 67 Pa. 34; White v. Leeds, 51 Pa. 187 ; Sterling v. Ritchey, 17 S. & R. 263 ; Hileman v. Distilling Co., 37 W. N. C. 425; Bates v. Cullum, 163 Pa. 237 ; Bryn Mawr Nat. Bank v. James, 152 Pa. 364.

OPINION BY MR. CHIEF JUSTICE STERRETT, March 16, 1896 :

It clearly appears by the record that this case was ripe for judgment on December 20, 1894, the sixteenth day after the writ and statement of claim were served on the defendant; and on that day judgment by default was accordingly entered against her for want of an affidavit of defense, and the amount liquidated at $410.19. No affidavit of defense having been theretofore filed, the judgment thus entered was undoubtedly regular and valid, and plaintiffs were entitled to all the incidents thereof, such as lien, etc., until it was legally reversed or satisfied : Weigley v. Teal, 125 Pa. 498; Newbold v. Pennock, 154 Pa. 591. While the court, for sufficient cause shown, could, under its equitable power, open such a judgment and let the defendant into a defense, it was powerless to strike it from the record, because it was not only regular on its face, but perfectly regular and valid in point of fact. Judgments cannot be legally stricken from the record save for irregularity or illegality : O'Hara v. Baum, 82 Pa. 416; Allen v. Krips, 119 Pa. 1 ; Breden v. Gilleland, 67 Pa. 34; Adams v. Grey, 154 Pa. 258. In the case first cited it is said, " a motion to set aside or strike off a judgment must be on the ground of irregularity appearing on the face of the record; a motion to open it is an appeal to the equitable power of the court to let the defendant into a defense ; " and the others are substantially to the same effect. After quoting from O'Hara v. Baum, supra, etc., our Brother MITCHELL

in his treatise on motions and rules, 75, etc., says, " The rule to strike off judgment is essentially a common law proceeding, a short and summary substitute for an audita querela, a writ of error coram vobis, or a certiorari or writ of error from a superior court, by which the same relief was formerly administered."

" Being for irregularity apparent on the face of the proceedings, it is in the nature of a demurrer to the record and is not confined to any particular kind of judgments, nor limited as to the time it may be taken advantage of, nor affected by matters dehors the record, except so far as defendant may have put himself in position to be estopped from making the objection."

We have taken no notice of defendant's appearance by attorney a week before judgment was taken, nor of her affidavit of defense filed nine days thereafter; because the former could not in any way interfere with the plaintiffs' right to judgment, under the act, for want of an affidavit of defense within the required time, and the latter was wholly inoperative except in so far as it might be relevant in connection with the defendant's petition for rule to open the judgment, etc., filed January 1, 1895. The rule granted on that petition appears to remain undisposed of, and of course we intimate no opinion as to its merits; but, for reasons heretofore given, the decree of January 21, 1895, from which this appeal is taken, must be reversed and the judgment reinstated; and that will clear the way for such disposition of the pending rule to open etc. as the court below may consider proper.

Decree of January 21, 1895, reversed, with costs to be paid by the defendant, and judgment reinstated; and it is ordered that the record be remitted for further proceedings.