# Jeannette Borough *v.* Roehme.

**Judgment—Opening judgment—Appearance—Defense on merits.**

When a motion to vacate a judgment is founded upon grounds taken solely with reference to their supposed bearing upon the jurisdiction of the court to render the judgment, and solely for the purpose of attacking said jurisdiction, the appearance is a special appearance which has no effect in curing any objection to the judgment for want of a jurisdiction over the defendant's person; but where a defendant, against whom judgment has passed but who was in no manner served with process, comes into court and asks to have that judgment set aside by reason of such want of service, and also for other alleged irregularities connected therewith, by asking the court to investigate such other irregularities, he submits himself to the jurisdiction of the court and can no longer be heard to say the court has no jurisdiction of his person.

**Municipal lien—Judgment—Opening judgment—Appearance—Jurisdiction.**

Where a defendant in a judgment, on a scire facias sur municipal claim petitions the court to open the judgment, and sets up not only an alleged illegality of the service of the scire facias, but also an alleged defense on the merits, he submits himself to the judgment of the court with the same effect as if a general appearance had been formally entered.

Argued Oct. 9, 1899. Appeal, No. 41, Oct. T., 1899, by defendant, from judgment of Superior Court, April T., 1898, No. 180, affirming order of C. P. Westmoreland Co., May T., 1893, No. 726, discharging rule to open judgment in case of Jeannette Borough *v.* John Roehme. Before STERRETT, C. J., GREEN, McCOLLUM, MITCHELL, FELL and BROWN, JJ. Affirmed.

Appeal from judgment of Superior Court (see 9 Pa. Superior Ct. 33), affirming order of court of common pleas of Westmoreland county dismissing exceptions to report of Luke Lonergan, Esq., commissioner.

The facts appear from the opinion of the Supreme Court and by the opinion of the Superior Court, by SMITH, J., which was as follows :

The principal question of law argued in this case relates to the sufficiency of the service of the writ of scire facias. The decision, however, must turn on the effect of the defendant's action since the service, rather than on the manner in which the service was made.

An appearance to the action, on the part of the defendant, is a waiver of service of the writ. Hence, if the defendant has thus appeared in this case, the question of service becomes immaterial. Such an appearance may be entered on a præcipe for that purpose, or, it may be indicated on the records by the name of the defendant's counsel. But this is not the only manner in which an appearance may be effected. In practice, giving bail to the action has always been regarded as an appearance: Wright v. Millikin, 152 Pa. 507. So, also, of the filing of an affidavit of defense: Morton v. Hoodless, 1 Miles, 46, making a defense before arbitrators : Evans v. Duncan, 4 Watts, 24; an appeal from an award, Evans v. Duncan, supra; Weaver v. Stone, 2 Grant, 422; or an agreement that an amicable action be entered: Crosby v. Massey, 1 P. & W. 229. In brief, any action by the defendant, in person or by attorney, looking to a determination of the cause on its merits, operates as an appearance, preventing a default, and subjecting the defendant to the jurisdiction of the court.

The defendant may, indeed, appear for the purpose of questioning the right of the court to proceed in the cause, as by denying its jurisdiction, or that he has been brought within its jurisdiction by due service of process. This is usually done on an appearance de bene esse. Such an appearance, raising no question as to the merits of the case, is not an appearance to the action, and is attended by none of its consequences. But to have this effect such appearance must be confined strictly to its legitimate purpose—the denial that the defend-

ant is subject to the jurisdiction or the judgment of the court. When more than this is done under such an appearance, it will be treated as general, and the defendant will be bound by the judgment of the court. On this point the Supreme Court, speaking through GORDON, J., has said: "The court below was entirely right in holding that an appearance for the purpose of filing a plea and trying the cause, must be treated as general, though it have attached thereto the words de bene esse." Bohlen v. Stockdale, 27 Pitts. L. J. 199. It is a familiar principle that the defendant, if he would be heard on the merits, must be in court, by a formal appearance, or by some act implying his submission to its judgment in the premises: Skidmore v. Bradford, 4 Pa. 296. A presentation of matter of defense to the action is such an act, even if accompanied with a denial of the right of the court to hear the cause: 2 Ency. of Pleading and Practice, 654, 657; Fee v. Big Sand Iron Co., 13 Ohio, 563; Anderson v. Coburn, 27 Wis. 558; Grantier v. Rosecrance, 27 Wis. 489. Where a defendant is in doubt about the validity of the service two courses are open to him: he may come in and defend the suit; or he may stay out and take the risk of the service, but he cannot do both. Where he offers a defense to the suit he thereby waives all defects of service: Lycoming Fire Insurance Co. v. Storrs, 97 Pa. 354.

It is the established practice in this state for a defendant to move to set aside a sheriff's return, where he believes the writ to have been defectively served: Winrow v. Raymond, 4 Pa. 501; Fillman's Appeal, 99 Pa. 286. A rule may also be taken to set aside a defective sheriff's return and strike off a judgment based on it: Dale v. Blue Mountain Mfg. Co., 167 Pa. 402; and a judgment will be reversed on a rule to open where the complaint is restricted to the irregular service: Lehigh Valley Insurance Co. v. Fuller, 81 Pa. 398. But in all these cases the application was for a hearing on the sufficiency of the service of the writ; no other matter was presented. There is no authority in Pennsylvania for the proposition that a defendant may come in and obtain the judgment of the court on the merits of an issue, where the subject-matter is within its jurisdiction, and yet annul the whole proceeding should the judgment be against him, by denying jurisdiction of the person, while the opposite party is bound by the decision. Such un-

equal advantage to one party cannot be permitted at the expense of his adversary.

In the present case the defendant appealed to the equitable powers of the court to have the judgment opened. By selecting this mode of proceeding he elected to have a hearing on the merits. In his petition he also set up the alleged illegality of the service of the scire facias. But instead of resting on this denial of jurisdiction of the person, on the ground of defective service of the writ, he alleged a defense on the merits based on his own version of the transaction on which the plaintiff's claim was founded; and this he proceeded to set forth at length. The plaintiff filed an answer, and the court appointed a commissioner to take testimony and report the facts, with an opinion. The defendant offered evidence before the commissioner, the greater part of which related to the merits of the case, the sufficiency of the service of the writ resting largely upon the return of the sheriff and its legal effect. At this hearing both parties were represented by counsel, and each called witnesses to support his contention. The testimony covered the facts touching the validity of the claim, and the circumstances of the service of the writ.

The commissioner reported his findings of fact and of law separately and at length. His findings of fact covered all questions raised by the evidence on both sides, touching the merits of the claim. He recommended that, on the law and facts, the rule to open the judgment be discharged. To this report the defendant filed exceptions before the commissioner as to his findings on the merits and on the legal question of service, but after a careful reconsideration they were overruled. These exceptions were renewed before the court, and after argument on the law and the facts, the court dismissed the exceptions, confirmed the report and discharged the rule to open the judgment, whereupon this appeal was taken. The first, second and tenth specifications of error here, also relate to the merits and the equities of the defense. Throughout the proceedings the defendant pressed for a favorable decision on the merits of the claim. Under the most liberal rule of practice, therefore, it must be held that by thus taking the chances of a decision in his favor on the merits, he submitted himself to the judgment of the court.

The fact that this equitable defense was presented after judgment by default was entered cannot affect the principle involved. The defendant did not make the usual motion to set aside the sheriff's return, which alone the plaintiff would be called upon to answer. He asked to have the judgment opened and offered testimony assailing the plaintiff's right to recover at all for the improvement made to his property. The plaintiff was thus called upon to justify its claim in the same manner and to the same extent as if the cause were tried before a jury. This must be treated as an appearance by the defendant to the action, having the same effect as a general appearance formally entered; otherwise the defendant had no right to present or the court to hear or pass upon the merits. As in the case of Bohlen v. Stockdale, supra, where the defendant went beyond the question of service aimed at by the appearance de bene esse and proceeded to the merits by plea, his appearance was treated as general; on like principle this defendant here having gone to the merits must be held to be in court for all lawful purposes. There is nothing in the record to justify the point that the court, by rule or suggestion, required the presentation of a prima facie meritorious defense, in order to secure the rule to open. On the contrary, so far as the record shows, the issue raised was founded upon the voluntary action of the defendant; and both parties appear to have acquiesced in the manner in which the controverted questions thus raised should be heard. At least no exception was taken by either party to the form or regularity of the hearing at any stage. The defendant took the usual course necessary to have the judgment opened and be heard on the merits, as much so as if the validity of the service were unquestioned. He asked for and obtained a full hearing and judgment on the facts upon which the claim was based. On reason and authority he thereby waived all objection to the service of the scire facias. Good faith to the court and the plaintiff will now estop him from denying the right of the court to pass upon a question, within its jurisdiction, on which he prayed the judgment of that tribunal: Skidmore v. Bradford, supra; Borough v. Beltzhoover, 173 Pa. 213.

This court has not been requested to restrict the scope and purpose of the petition and the evidence to the single question

of the service of the writ, apart from the controversy over the facts upon which the claim is based. And there is no reason, in law or justice, why we should disregard or subordinate the defense on the merits, in order to enable the defendant to avoid the legal effect of its voluntary submission. It is not claimed that this defense was offered merely in aid of the motion to set aside the service. It was not competent for that purpose. That question depended upon the legal sufficiency of the sheriff's return, and could not be affected by parol evidence touching the cause of action. This evidence was in denial of the plaintiff's right to recover, and called for countervailing proof wholly unconnected with the question of service. It constituted a complete and independent issue and was made the subject of a large part of the petition, the evidence and the report of the commissioner. Under the Act of May 20, 1891, P. L. 101, this court will open judgments only in cases where the judicial discretion vested in the court below has been manifestly abused. No such abuse appears here. The claim is for money expended in improvements on the street fronting and abutting the defendant's property, which, under the law, he should have made, or have paid for upon completion of the work by the borough. Judgment affirmed.

*Paul H. Gaither*, with him *Cyrus E. Woods*, for appellant, cited, Smith v. Kingston Borough, 120 Pa. 357, Hanover Borough's App., 150 Pa. 202, Com. v. De Camp, 177 Pa. 112, Dorrance v. Dorranceton Borough, 181 Pa. 164, Smith v. Times Publishing Co., 178 Pa. 481, Lehigh Valley Ins. Co. v. Fuller, 81 Pa. 398, Skidmore v. Bradford, 4 Pa. 296, Evans v. Duncan, 4 Watts, 24, Coleman's App., 75 Pa. 441, and Brinker v. Brinker, 7 Pa. 53.

*Denna C. Ogden*, with him *J. F. McNaul*, for appellee.

Opinion by Mr. Justice McCollum, October 8, 1900 :

This is an appeal from the judgment of the Superior Court. The question raised by it is whether said court erred in affirming the judgment of the court of common pleas. A brief reference to the origin of the suit and the proceedings which resulted in the report of the commissioner approved by the court of

common pleas will facilitate an intelligent comprehension of the pending issue.

The defendant is the owner of three lots fronting on Clay avenue in the borough of Jeannette, and in 1890 he was directed by the borough authorities to lay a plank walk in front of them. He instructed his agent to have the walk built and furnished the money to pay for it. In September, 1892, he received notice from the borough authorities to lay a brick pavement of the width of twelve feet in place of the board walk constructed by his direction in 1890. The construction of the brick pavement by the borough was induced by the defects in the board walk and the dangers to which the pedestrians were exposed in passing over it. A further inducement to the construction appears in the growth of the borough and its obvious need of broader and better sidewalks along the avenue on which the defendant's lots abutted.

It is conceded by the defendant that he was duly notified by the borough authorities to lay a brick pavement in front of his lots, of the width above stated, and that on his failure to comply with the notice the borough would lay it at his expense and add thereto twenty per cent. The defendant refused to comply with the notice to lay the pavement or to pay the borough for the construction of it. He declared in September, 1892, that he would not construct the pavement and that he would teach the street commissioner and the council a lesson. In December, 1892, the pavement was completed and a bill for construction was rendered by the borough to him. He had knowledge of the construction of the pavement previous to January, 1893, and of the demand upon him by the borough for the amount of its cost with twenty per cent upon it.

Independent of the charge of defective service of the sci. fa. by the sheriff there are other matters to be considered in determining whether the Superior Court erred in affirming the judgment entered in the common pleas. Within thirty days after the brick pavement was laid the borough filed its municipal lien, and on the 14th of April, 1893, issued a sci. fa. thereon which was served on the 18th. On the 25th of May, 1893, by direction of plaintiff's attorney, judgment was entered against the defendant for want of an appearance. On the 15th of November, 1893, the defendant, alleging that he had a just de-

fense to the plaintiff's claim, petitioned the court for a rule to show cause why the judgment entered as above stated should not be opened and give him such other and further relief as the circumstances of the case required, while the defendant alleged he was advised that the claim filed by the plaintiff was in violation of law and no legal service was had on the sci. fa. he did not move to dismiss the lien or to set aside the sheriff's return to the sci. fa. The "just defense" referred to in the defendant's petition was obviously intended to show that the merits of the case were with him and against the borough. The testimony introduced by the parties, however, satisfied the commissioner and the court of common pleas that the merits of the case were against the defendant and with the borough. The consequence of their conclusion was a refusal to open the judgment.

"When a motion to vacate a judgment is founded upon grounds taken solely with reference to their supposed bearing upon the jurisdiction of the court to render the judgment, and solely for the purpose of attacking said jurisdiction, the appearance is a special appearance which has no effect in curing any objection to the judgment for want of jurisdiction over the defendant's person; but where a defendant, against whom judgment has passed, but who was in no manner served with process, comes into court and asks to have that judgment set aside by reason of such want of service, and also for other alleged irregularities connected therewith, by asking the court to investigate such other irregularities, he submits himself to the jurisdiction of the court and can no longer be heard to say that the court has no jurisdiction of his person:" 2 Ency. of Pleading and Practice, 554 to 657, and cases cited therein. The Superior Court, upon a careful consideration of the testimony relating to the merits of the case and to the law applicable to it, sustained the conclusion arrived at by the court of common pleas and affirmed the judgment. On the appeal to this court from the judgment affirmed by the Superior Court we are satisfied that the latter committed no error in affirming the judgment entered in the common pleas. Its decision is well sustained by reason and authority in the elaborate, exhaustive and convincing opinion of Judge SMITH reported in 9 Pa. Superior Ct. from page 36 to page 40, inclusive.

Judgment affirmed.