## Treasurer of Division No. 168, A. A. of S. R. E. of A., v. Keller, Appellant.

*Judgment—Defective name of plaintiff—Setting aside judgment—Opening judgment—Practice, C. P.*

Where a judgment was entered by confession on a judgment note made payable to "Treasurer of Division No. 168, A. A. of S. R. E. of A.," the defendant may take advantage of the insufficiency of the name of the party plaintiff by a motion to set aside the judgment in the nature of a demurrer to the record. If, however, he choses to appeal to the conscience of the chancellor by rule to open the judgment, thereby inviting inquiry into the defense upon the merits, he will be held to have waived the mere irregularity of the procedure.

*Beneficial associations—Judgment note—Opening judgment.*

A judgment entered on a judgment note payable to the treasurer of a beneficial association will not be opened on an allegation by the defend-

ant that he applied for benefits to the secretary of the executive committee of the association, and was informed by that officer that he could secure relief by applying to the vice president; that before receiving such benefits it would be necessary for him to sign a paper in the nature of a receipt, but that no demand would be made for the repayment of money so received, and that upon the faith of this representation he signed the note upon which the judgment was rendered.

Argued Jan. 17, 1903.    Appeal, No. 6, Jan. T., 1903, by defendant, from order of C. P. Lackawanna Co., March T., 1902, No. 126, discharging.rule to open judgment in case of Treasurer of Division No. 168, A. A. of S. R. E. of A., v. Charles H. Keller.    Before BEAVER, ORLADY, SMITH, W. W. PORTER, W. D. PORTER and MORRISON, JJ.    Affirmed.

Rule to open judgment.

The facts appear by the opinion of the Superior Court.

*Error assigned* was in discharging rule to open judgment.

*E. N. Willard*, of *Willard, Warren & Knapp*, for appellant.

*Clarence Balentine*, for appellee.

OPINION BY W. D. PORTER, J., May 22, 1903:

The judgment in this case was entered upon a note payable to " Treasurer of Division No. 168, A. A. of S. R. E. of A.," was by confession, and in the precise terms authorized by the warrant which constituted a part of the obligation.   Had the proceedings been instituted by adverse process and the name of the treasurer had not been included as a party plaintiff, or the character of the society or association had not been properly stated, the objection that the party plaintiff was not sufficiently designated, might have been fatal upon demurrer: McConnell v. Apollo Savings Bank, 146 Pa. 79.   This irregularity might have been cured by an amendment of the record in the court below.   This judgment having been entered by confession, the defendant might have taken advantage of the defect by a motion to set aside the judgment, in the nature of a demurrer to the record, O'Hara v. Baum, 82 Pa. 416, if the defendant intended to dispute the regularity of the judgment, that·is, the course which he ought to have pursued.   He elected, instead of doing this, to move to open the judgment, thereby admitting

its regularity and questioning merely the right of the plaintiff to recover upon the merits. Having chosen to appeal to the conscience of a chancellor and invited inquiry into the defense upon the merits, he must be held to have waived the mere irregularity of procedure: Hays v. Commonwealth, 14 Pa. 39; North & Co. v. Yorke, 174 Pa. 349; Jeannette Borough v. Roehme, 9 Pa. Superior Ct. 33; 197 Pa. 230.

The petition of the defendant to open the judgment was an' appeal to the equitable powers of the court, and in order to be successful, ought to have disclosed such facts as to warrant the conclusion that he ought not to be required to pay the judgment. We are not satisfied that the petition was sufficient to meet that requirement. It stated that the defendant was a member of the plaintiff association and had become entitled to receive benefits therefrom, but it did not set forth the amount of such benefits, nor the rule or by-law of the association under which such benefits had become payable. The petition further alleged that when the defendant applied for benefits to the secretary of the executive committee of the association, he was informed by that officer that he could secure relief by applying to one Edwards, the vice president; that before receiving such benefits it would be necessary for him to sign a paper in the nature of a receipt, but that no demand would be made for the repayment of the money so received; that upon the faith of this representation he signed the note, upon which this judgment is founded. The petition failed to set forth any by-law or rule of the association which gave the secretary of the executive committee any authority to bind the association by a declaration of this character, nor did it allege that the Edwards, the vice president, from whom the money was received, had made any such representation, or knew that it had been made by any other person, and so far as the averments of this petition are concerned, there is nothing from which it can be inferred that at the time the financial officers of the organization paid the money to the defendant, and accepted his judgment note for the amount, there was anything said which would relieve the defendant from the effect of his written promise to pay. The refusal of the court below to open the judgment involved no abuse of discretion.

The judgment is affirmed.