# Peters *v.* Dalton (No. 1).

*Landlord and tenant—Waiver of right of appeal—New contract.*

A waiver of a right of appeal in a lease does not apply to an appeal from a judgment of a justice of the peace where the controversy before the justice was as to the existence of a new contract by which the tenant agreed to pay an increased rental.

Argued Dec. 13, 1904.    Appeal, No. 149, Oct. T., 1904, by defendant, from order of C. P. No. 1, Phila. Co., March T., 1904, No. 350, striking off appeal from justice of the peace in case of Jacob M. Peters v. Thomas Dalton.    Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ.    Reversed.

Appeal from justice of the peace.
The facts are stated in the opinion of the Superior Court.

*Error assigned* was order striking off appeal.

*W. Nelson L. West,* with him *R. L. Golze,* for appellant.— In the present case the questions in dispute before the magistrate did not arise under the written contract but upon a subsequent attempt on the part of the plaintiff to alter it and substitute for it a new contract.    They arose long after the original agreement was made and hence the waiver of appeal cannot apply to them since they were not in contemplation of the parties at the time the original agreement was entered into : Shenandoah Steam, Heat, etc., Co. v. Beddall, 25 Pa. Superior Ct. 3 ; Wells v. Wilson, 6 Pa. C. C. Rep. 417 ; Eldridge v. Francis, 18 Phila. 656 ; Minich v. Basom, 2 Pa. Dist. Rep. 709 ; Kerlin v. Russell, 1 Pitts. L. J. 82.

*B. Woodward,* for appellee.

OPINION BY BEAVER, J., January 17, 1905 :
An appeal from the judgment of a magistrate was entered in the court below and, upon a rule to show cause, it was stricken from the record, presumably upon the ground, no

opinion being filed, that the lease in evidence before the magistrate, upon which the judgment was based, contained a waiver of the right of appeal.

The transcript, the answer of the defendant to the rule to show cause, the plaintiff's reply thereto and the lease given in evidence before the magistrate, printed by the appellee in his paper-book, furnish in a fairly satisfactory way the grounds upon which the defendant claimed his right of appeal. The lease is dated May 8, 1900, is for the premises, No. 1401 Church street and provides for the payment of $18.00 per month. The defendant admits that subsequently to the date of the lease he agreed to pay $19.00 per month and continued to pay that amount regularly up to the time fixed in a notice in writing, dated November 16, 1903, in which the plaintiff demanded the sum of $25.00 per month from the 6th day of December following, but denies that he ever agreed to pay the sum of $25.00 per month, the amount of the rent fixed in plaintiff's notice.

The question, therefore, before the magistrate was not so much the amount of rent due under the lease, which was in evidence before him, which was for $18.00 per month, but whether or not the defendant had ever agreed to pay the in-increased rental of $25.00 per month; in other words, had the plaintiff made a new lease ?

As to that question, it seems to us very clear that the plaintiff had never waived the right of appeal. The undertaking, if made, was an entirely new one, as to which he had made no waiver of any kind. It was said in Kerlin v. Russell, 1 Pitts. L. J. 82, old series, in an opinion by Mr. Chief Justice BLACK : " When a party creates an obligation in a mere civil transaction, not forbidden by any statute or rule of public policy, if he knows the facts on which his defense is based, may, for a good consideration, agree that he will abide by the decision of an inferior tribunal, and such agreement will bind him. It will certainly not do to say a waiver will cut off the right to a legal and constitutional trial of a defense which arises subsequently. If a note containing such a stipulation should be paid by the maker, he is not to be bound forever by the judgment of a justice who decides that he shall pay it again." The defense set up by the defendant here arose subsequently to the date of

the lease.  It can hardly be claimed that a notice, in which the defendant is informed by the plaintiff that the rent will be raised from $18.00 to $25.00 a month, to which the defendant has never assented, creates a new contract, so far as the rent itself is concerned, and continues the old one in force as to all its other provisions.

We are clearly of opinion, therefore, that the defendant, as to the judgment upon the claim of $25.00 for one month's rent, due January 6, 1904, had the right of appeal, and the rule to show cause should have been discharged instead of being made absolute.

The order is reversed and the appeal reinstated.