Rome Sales and Service Station *v.* Finch,
Appellant.

Argued November 18, 1935.

Before KELLER, P. J., BALD-
RIGE, STADTFELD, PARKER, JAMES and RHODES, JJ.

*John P. Vallilee,* of *Schrier & Vallilee,* for appellant.

*Romeyn F. Culver,* for appellee.

OPINION BY KELLER, P. J., January 31, 1936:

When this case was here before—111 Pa. Superior Ct. 226, 169 A. 476,—we said, in affirming the order of the court below refusing to strike off the judgment: "If the defendant has any meritorious defense to the judgment, the same can be disposed of on a petition to open the judgment."

Shortly after the record was remitted to the court below the defendant presented a petition asking that the judgment be opened on the grounds, inter alia, that prior to the entry of the judgment the plaintiff, H. W. Dimon, trading as Rome Sales & Service Station, had sold and assigned all his right, title and interest in and to the lease, and the motor truck covered by it, to General Motors Acceptance Corporation and had no legal interest in the lease or truck on September 12, 1932 when the judgment was entered; and that pursuant to demands made upon defendant by said General Motors Acceptance Corporation, the then owner of said lease and of the motor truck subject to said lease, defendant had delivered said motor truck to General Motors Acceptance Corporation, or its nominee, and the same had been sold by it or the plaintiff acting for it.

The court below refused to grant a rule to open the judgment on the ground that the application was too late; that after moving to strike off the judgment for alleged invalidity apparent on its face, which proved unsuccessful, the defendant could not move to open the

judgment and defend on the merits. The law is otherwise. "Every court has power to open a judgment in order to give the parties a hearing or trial. In the case of judgments by confession or default there is no limit of time to the exercise of this power." King v. Brooks, 72 Pa. 363, 364 (SHARSWOOD, J.); Hill v. Egan, 2 Pa. Superior Ct. 596, 598. The distinction between a rule to strike off judgment and a rule to open judgment is well expressed in Mitchell on Motions and Rules [1] (pp. 75-77) as follows: "The rule to strike off judgment is essentially a common-law proceeding, a short and summary substitute for an audita querela, a writ of error *coram vobis,* or a certiorari or writ of error from a superior court, by which the same relief was formerly administered. Being for irregularity apparent on the face of the proceedings, it is in the nature of a demurrer to the record, and is not confined to any particular kind of judgments, nor limited as to the time it may be taken advantage of, nor affected by matters dehors the record, except so far as defendant may have put himself in position to be estopped from making the objection ...... The rule to open judgment and let defendant into a defence is peculiar to Pennsylvania practice, and is a clear example of our system of administering equity under common-law forms. By long practice and common understanding it is confined to judgments by default, and those entered on warrants of attorney to confess, etc. It was, however, invented in the absence of a court of chancery, as a substitute for a bill in equity to enjoin proceedings at law ...... There is no limit as to the time at which judgment [by confession] may be opened upon a rule ...... Delay amounting to laches will, however, bar the party applying in this as in other cases of equitable relief ...... The grounds upon which the rule is founded are, of course, as varied

---

[1] Cf. Knox v. Flack, 22 Pa. 337, 339.

as those of bills in equity, and as in equity, each case must stand upon its own peculiar merits." Since the Act of April 4, 1877, P. L. 53, the appellate courts have authority to review a decision of the court of common pleas opening or refusing to open a judgment entered by warrant of attorney.

Bearing in mind that a rule to strike off judgment is in the nature of a demurrer to the record, (North & Co. v. Yorke, 174 Pa. 349, 351, 34 A. 620), while a rule to open judgment is a substitute for a bill in equity (Lawrence v. Smith, 215 Pa. 534, 536, 64 A. 776; O'Hara v. Baum, 82 Pa. 416, 420; Fisher v. Hestonville, &c. Ry. Co., 185 Pa. 602, 604, 40 A. 97; Hall v. West Chester Pub. Co., 180 Pa. 561, 565, 37 A. 106) we can see the reason for the *converse* of the rule applied by the court below, viz., that one who moves to open a judgment and be let into a defense on the merits will be held to have waived irregularities in the entry of the judgment, which might have been attacked by a motion to strike off: Modern Home Heating Co. v. Diehl, 92 Pa. Superior Ct. 571, 574; Breden v. Gilliland, 67 Pa. 34, 37; Post v. Wallace, 110 Pa. 121, 125, 20 A. 409; Hays v. Com., 14 Pa. 39, 41; Phila. v. Adams, 15 Pa. Superior Ct. 483, 486; Borough of Jeannette v. Roehme, 9 Pa. Superior Ct. 33, 38, affirmed 197 Pa. 230, 47 A. 283. It is in accord with the rule in litigated cases that a demurrer cannot be filed after plea entered on the merits, and that one who appears and defends cannot afterwards question the validity of the service of process on him: Altoona Trust Co. v. Fockler, 311 Pa. 426, 435, 165 A. 740. But there is no sound reason for holding that a defendant who moves to strike off a judgment for irregularity on the face of the record is thereafter precluded from defending on the merits if his attack on the regularity of the judgment is unsuccessful.

In Williams v. Notopolos, 247 Pa. 554, 559, 93 A. 610, the Supreme Court reversed an order making absolute

a rule to strike off a judgment, and of its own accord made absolute a rule to open the judgment. It is true that in that case the defendant had moved the court below (1) to strike off the judgment, and, in the alternative, (2) to open the judgment, as is frequently done (See Bennett v. Haley, 142 Pa. 253, 255, 21 A. 814); but it is not essential that the defendant include both motions in one petition. In Bowman v. Berkey, 259 Pa. 327, 103 A. 49, the defendant first obtained a rule to strike off the judgment and when that was dismissed moved to open the judgment, which was done, and the Supreme Court, in affirming the lower court, said, speaking through Mr. Justice FRAZER—afterwards Chief Justice—"There is no merit in the contention that the petition to open was res judicata of the question involved because of the dismissal of a previous rule taken to strike off the judgment. A judgment can be stricken off only for irregularities appearing on the face of the record." We were, therefore, within the decisions when we said in our former opinion in this case: "If the defendant has any meritorious defense to the judgment, the same can be disposed of on a petition to open the judgment."

Of course the petition to open must show prima facie ground for a rule. The defendant should not have attempted to raise again in this proceeding matters which we had decided against him on the last appeal. But disregarding all such incompetent matters, we think the petition made out enough of a case to require the granting of a rule. If the plaintiff's answer denies the averments in the petition, referred to above, and defendant fails to substantiate those averments by proof, the rule must be discharged. If they are substantiated, the judgment should be opened.

The lease for the motor truck was entered into on June 7, 1932. It called for a total rental of $336, of which $95 was payable on delivery and $241 payable at

the offices of General Motors Acceptance Corporation in instalments of $21 payable monthly, beginning July 7, 1932. Defendant made the initial payment and the first instalment due July 7, 1932, but failed to pay the instalments due August 7 and September 7, 1932. If the owner of the lease and the truck covered by it, because of said defaults, demanded a return of the truck, and pursuant thereto the defendant delivered the truck to the owner or its nominee, neither the General Motors Acceptance Corporation nor the plaintiff—whoever was the owner of the lease and the truck covered by it,—could thereafter, on September 12, 1932, enter up a judgment against defendant on the lease for the instalments falling due after such redelivery. The judgment in such event must be restricted to the instalments of rental due and unpaid at the time the plaintiff redelivered the truck in response to the owner's demand: Lukac v. Morris, 108 Pa. Superior Ct. 453, 164 A. 834; Grakelow v. Kidder, 95 Pa. Superior Ct. 250; Greco v. Woodlawn Furniture Co., 99 Pa. Superior Ct. 290, 292. The provision in the lease as to enforcing successive remedies against the lessee does not authorize a retaking of the truck into the lessor's (or his assignee's) possession and the collection of any instalments of rental which, under the terms of the lease, fell due after such retaking of possession, but only such as were *due,* without acceleration, when possession was retaken. On the other hand, if the owner of the lease and the truck covered by it did not demand a return of the truck, it could, on default by the defendant, elect to declare the full amount of the rental due and payable and enter up the judgment and levy on the truck, as if the property of the defendant, as well as any other property belonging to him. And one who is not the owner of the lease may not proceed to enforce its terms. If by agreement between the parties the truck has been

sold, as plaintiff's counsel suggests, the net proceeds must be credited on the judgment.

We are satisfied that the averments of the petition above referred to require the granting of a rule; the disposition of which will necessarily depend on the answer filed and the evidence taken in support of petition and answer.

The motion to quash is overruled. The lessee did not specifically waive the right of appeal. Waiver of the right to 'remove' an action is not the same thing. See Felts v. D. L. & W. R. Co., 195 Pa. 21, 45 A. 493; Hughes v. Mine Hill &c. R. Co., 30 Pa. 517. Provisions in a contract in limitation of one's legal rights will be strictly construed. See also Curry v. Bacharach Quality Shops, 271 Pa. 364, 117 A. 435; Willis-Winchester Co. v. Clay, 293 Pa. 513, 516, 143 A. 227; Peters v. Dalton, 27 Pa. Superior Ct. 285, 286; Grakelow v. Kidder, supra, pp. 257, 258.

The order is reversed and the record is remitted to the court below with directions to grant a rule to show cause why the judgment should not be opened and the defendant let into a defense.