## WILLIAM W. WEIGLEY v. LEVI TEAL ET AL.

ERROR TO THE COURT OF COMMON PLEAS NO. 2 OF PHILADELPHIA COUNTY.

Argued April 1, 1889—Decided April 15, 1889.

(a) A summons in assumpsit, issued and served on October 22, 1888, was returnable November 5th. On October 24th, twelve days before return day, a statement of claim was filed and served. On November 3d, the defendant filed an affidavit of defence to part of the claim. On November 14th, a rule was taken for judgment for the residue.

1. The rule for judgment was properly made absolute. The procedure act of May 25, 1887, P. L. 271, authorizes the filing and service of the statement of claim with the writ, or at any time thereafter; and judgment may be entered for want of a sufficient affidavit of defence, after fifteen days service of the statement, and at any time on or after the return day.

Before Sterrett, Clark, Williams, McCollum and Mitchell, JJ.

No. 128 January Term 1889, Sup. Ct.; court below, No. 49 September Term 1888, C. P. No. 2.

On October 22, 1888, Levi Teal, Blythe C. Andrews and Edward Hazlehurst, liquidating trustees of the Hamilton Straw Lumber Co., Limited, issued a summons in assumpsit against William W. Weigley, to recover $1,551 principal and interest on two promissory notes made by the defendant in favor of said company. The summons was made returnable to the first Monday in November following, which was November 5, 1888.

On October 24, 1888, the plaintiffs filed and served their statement, under the procedure act of May 25, 1887, P. L. 271, containing the necessary averments and having copies of the notes annexed. On November 3, 1888, the defendant filed an affidavit of defence, in which he first claimed a set-off of $993.90, and then continued as follows :

" And the deponent further says that the statement of the plaintiff's demand in this suit was made and filed and served on the defendant on the 24th day of October, 1888, which was less than fifteen days before the return day of his writ, which return day is the first Monday of November, 1888. And the deponent therefore submits to the court that the said statement was irregularly filed, and that having neglected to file and serve his statement at least fifteen days before the return day of his writ, the plaintiff cannot take any motion or proceeding for judgment based upon the said statement filed, nor until he shall have filed a statement of his demand on or after the return day and have given fifteen days' notice to the defendant of the filing thereof."

On November 14, 1888, the plaintiffs entered a rule for judgment for want of a sufficient affidavit of defence, and also a rule for judgment for the amount admitted to be due.

On November 24, 1888, the court, HARE, P. J., ordered judgment to be entered for the plaintiffs for $993.90, being the amount of plaintiffs' claim less the set-off alleged. The defendant thereupon took this writ, assigning said order as error.

*Mr. John H. Colton*, for the plaintiff in error :
Cited : Act of May 25, 1887, P. L. 271 ; Big Black Creek

Imp. Co. v. Commonwealth, 94 Pa. 450; East Union Tp. v. Ryan, 86 Pa. 459; Melloy v. Burtis, 124 Pa. 161.

*Mr. Samuel M. Hyneman*, for the defendants in error:

Cited: Snyder v. Bauchman, 8 S. & R. 336; Umberger v. Zearing, 8 S. & R. 163; Wickersham v. Russell, 51 Pa. 71; Frank v. Colhoun, 59 Pa. 381; Coleman v. Nantz, 63 Pa. 178; Gannon v. Fritz, 79 Pa. 303; Roseman v. Haydock, 21 W. N. 121; Commonwealth v. Moore, 21 W. N. 572.

OPINION, MR. JUSTICE STERRETT:

There was no error in entering judgment against defendant below for so much of the plaintiffs' demand as was not covered by defendant's affidavit of defence.

On October 24, 1888, two days after summons was issued and service thereof was accepted, and twelve days before return day, plaintiffs' statement of claim, in due form under the act of May 25, 1887, was filed and served on defendant. On November 3d, his affidavit of defence, as to part of the claim, was filed; on November 14th, rule for judgment as to the residue was taken, and on November 24th, nineteen days after return day, the rule was made absolute and judgment entered in favor of plaintiffs for $993.90.

It is contended that the judgment, thus based on statement of demand filed and served less than fifteen days before return day, was unauthorized; that plaintiffs, having failed to file and serve their statement of claim at least fifteen days before return day, had no right to either file or serve the same until " on or at any time after the return day;" in other words, that the act does not authorize either the filing or service of the statement during the period of fourteen days immediately preceding the return day of the writ.

We do not so understand the act of 1887. While it is not as clearly expressed as it might have been, we think it was intended to authorize the filing and service of plaintiff's statement with the writ or at any time thereafter, and the entry of judgment, for want of an affidavit of defence, or for want of a sufficient affidavit of defence, at any time on or after the return day and after filing and fifteen days' service of the statement of claim and service of the writ. The third section of

the act provides that plaintiff's declaration shall consist of a concise statement of his demand as provided by the fifth section of the act of March 21, 1806, etc. The fourth section declares he shall be at liberty to serve a copy of his statement on the defendant; and, this permission appears to be given without any restriction as to the time when or within which it may be done. The last clause of the sixth section provides, as to the action of assumpsit, that unless the defendant shall file a sufficient affidavit of defence within fifteen days after notice that the statement has been filed, the plaintiff may move for judgment for want thereof.

In the present case the judgment was entered more than fifteen days after the return day and service of the statement. The filing and service before the return day was certainly as effective as would have been a filing and service on the return day. To hold otherwise would be sticking in the bark. The act should be so construed as to effectuate the intention of the legislature. It was never intended that there should be an hiatus of fourteen days, next preceding the return day, in which the plaintiff can neither file nor serve his statement of claim. The assignments of error are not sustained.

Judgment affirmed.