Isaac A. Sheppard, Franklin L. Sheppard and Howard R. Sheppard, Copartners, trading as Isaac A. Sheppard & Co., Plaintiffs below and Appellees, *v.* Jacob A. Bohem, Defendant below and Appellant.

*Practice, C. P.—Service of copy of statement—Judgment.*

Under the act of May 25, 1887, P. L. 272, where there is more than fifteen days between the service of the copy of the statement and entry of judgment, and a return day has intervened, a judgment for want of an affidavit of defense is valid: Newbold v. Pennock, 154 Pa. 591, followed.

Argued Dec. 17, 1895. Appeal, No. 34, Nov. T., 1895, by defendant, from judgment of C. P. No. 1, Phila. Co., June T., 1895, No. 454, for want of an affidavit of defense. Before RICE, P. J., WILLARD, BEAVER, REEDER, WICKHAM, McCARTHY and ORLADY, JJ. Affirmed.

The single point in this case is whether judgment was prematurely entered. Assumpsit upon promissory note for $600. Damages were assessed $352.62.

The facts sufficiently appear in the opinion of the court.

*Error assigned* was entering judgment upon July 15, 1895.

*Thomas R. Elcock*, for appellant.—The point raised has been a disputed one in practice and it may be of importance to settle it. The judgment is entered by act of May 25, 1887, P. L. 272. The only case akin to the subject is Weigley v. Teal, 125 Pa. 498.

*Walton Pennewill*, for appellees.—The judgment entered in this case is in strict compliance with the decision of the Supreme Court in Weigley v. Teal, 125 Pa. 498.

PER CURIAM, January 20, 1896:

The summons was returnable on July 1, 1895; the statement was filed on June 26, 1895, and was served on June 27, and judgment for want of an affidavit of defense was entered on July 15. It is argued that the case is distinguishable from Weig-

ley v. Teal, 125 Pa. 498, upon the ground that in the case cited judgment was not entered until more than fifteen days after the return day, but it cannot be distinguished from Newbold v. Pennock, 154 Pa. 591, which is on all fours.

Fifteen days and the return day having intervened between the service of the statement and the taking of judgment, the judgment was regular, and it is

Affirmed.