## Commonwealth *v.* Bangs, Appellant.

*Practice, C. P.—Summons—Statement—Rule to file affidavit of defense —Judgment.*

Where a summons made returnable on May 19 is issued on May 7, but not served until May 19, no valid judgment can be entered on May 28 on a statement and a rule to file an affidavit of defense issued and served on May 7. From such a judgment an appeal may be taken, without first having taken a rule to strike it off.

It was not intended by the procedure act of 1887 to substitute a service of the statement of claim for the summons, and the action " shall be commenced by writ of summons " under the act of 1887, as it was under the earlier statute of June 13, 1836. If the plaintiff wants to hold the defendant liable to an affidavit immediately on his going into court, i. e., on the return day, he must serve a copy of the statement. If, however, he chooses to wait until the defendant is in court, as required to be on the return day, then the plaintiff need only file his statement and give notice.

Argued Dec. 9, 1902. Appeal, No. 115, Oct. T., 1902, by Edward J. Brophy, on judgment of C. P. No. 2, June T., 1901, No. 2179, for want of an affidavit of defense in case of Commonwealth to use of Dora Lazarow and Isaac Lazarow v. Peter Bangs, Edward J. Brophy and J. Burrwood Daly. Before Beaver, Orlady, Smith, W. W. Porter and W. D. Porter, JJ. Reversed.

Judgment entered for want of an affidavit of defense.
The facts are stated in the opinion of the Superior Court.

*Error assigned* was in entering judgment prematurely.

*John T. Greene,* for appellants.—At least fifteen days must expire after the service of the summons before judgment can be entered: Bank v. Cooke, 3 Pa. Superior Ct. 278 ; Weigley v. Teal, 125 Pa. 498 ; North v. Yorke, 174 Pa. 349.

*Henry H. Rosenfelt,* for appellees, cited : Harper v. Biles, 115 Pa. 594.

Opinion by Orlady, J., March 12, 1903 :
This is an ancillary proceeding, an action of assumpsit on a

bond entered in an action commenced by capias, and the appellant, Edward J. Brophy, was one of the sureties on the bond filed in the original proceeding. The summons was issued May 7, 1892, and made returnable the third Monday of May, 19th. On the same day the plaintiff filed a statement and obtained a rule to file an affidavit of defense. The statement and rule to file affidavit were served on May 7, but the summons was not served on this appellant until May 19, the return day. On May 28, the plaintiff took judgment for want of an affidavit of defense.

The first and essential step in the commencement of a personal action is to bring both parties within and under the jurisdiction of the court. The plaintiff does this by bringing his suit. The defendant is brought within the jurisdiction by service of the summons, or by the authorized appearance by an attorney. . . . The procedure act of 1887 was not intended to nor does it in effect, in anyway modify the duty of the plaintiff to bring or the right of the defendant to be brought under the jurisdiction of the court in which a personal action, like the present, is pending in the mode pointed out by the statute before the defendant can be called upon to answer the plaintiff's statement by an affidavit of defense: First Nat. Bank of Tyrone v. Cooke, 3 Pa. Superior Ct. 278. The procedure act of 1887, P. L. 271, authorized the filing and service of the statement of claim with the writ, or at any time thereafter; a judgment may be entered for want of sufficient affidavit of defense after fifteen days' service of the statement, and at any time on or after the return day. It was not intended by the procedure act of 1887 to substitute a service of the statement of claim for the summons, and the action "shall be commenced by writ of summons" under the act of 1887, as it was under the earlier statute of June 13, 1836. If the plaintiff wants to hold the defendant to an affidavit immediately on his going into court, i. e., on the return day, he must serve a copy of the statement. If, however, he chooses to wait until the defendant is in court, as required to be on the return day, then the plaintiff need only file his statement and give notice. He knows he must be served either with a copy before the return day or with a notice after it: Marlin v. Waters, 127 Pa. 177; Weigley v. Teal, 125 Pa. 498. The defendant was not required to take notice of the action until he had been served

with the summons, and the precedent service of the statement was to no purpose. "Under the act of 1887, the plaintiff must file not only a copy of the writing, if there be one, on which his case is founded, but also a concise statement of his demand, which must include every ingredient of a good cause of action (Byrne v. Hayden, 124 Pa. 170), averred with the same completeness, accuracy and precision that were required in a declaration at common law: Fritz v. Hathaway, 135 Pa. 274. To the cause of action, of which he is thus explicitly informed, the defendant is entitled to, and must have, under any circumstances, not less than fifteen days to make affidavit of his defense. On the other hand, under the 2d section of the act of 1862, the plaintiff by merely filing a copy of the instrument of writing five days before the return day, may have judgment at any time after that day, unless defendant has filed his affidavit. Thus, with less information as to what case he is called upon to meet, the defendant is cut down to one third of his time to meet it. Such a result is not only repugnant to the plain letter of the act of 1887, but is destructive of its general intent, as declared in Marlin v. Waters, 127 Pa. 177, and other cases, to produce uniformity of practice :" Newbold v. Pennock, 154 Pa. 591.

The irregularity is apparent on the face of the record, for which reason the defendant might have applied to the court below to strike off the judgment; he was not confined to that remedy, but could take his appeal for review to the appellate court.

The judgment is reversed, and it is ordered that the record be remitted for further proceedings.