## Loeb *v*. Allen, Appellant.

*Practice, C. P.—Service of statement prior to writ—Waiver—Judgment—Opening judgment.*

Where a statement of claim is served two days prior to the service of the writ, and the statement as served does not designate any court, term or number, the defendant cannot, after the service of the writ, safely ignore the copy of statement and the rule to file an affidavit of defense, and treat the premature service thereof as equivalent to no service. If, in such a case, the defendant takes a rule to open the judgment, so as to have the case heard upon the merits, he may be considered to have waived the mere irregularity of procedure; or at any rate, the most that he could claim was that the case then became one which called for the exercise of a sound discretion of the court in either discharging or making absolute the rule to open the judgment.

Argued Oct. 4, 1906. Appeal, No. 237, Oct. T., 1905, by defendant, from order of C. P. No. 2, Phila. Co., June T., 1905, No. 1,825, discharging rule to open judgment in case of Joseph H. Loeb and Harry Lipper, trading as Loeb, Lipper & Company, v. William H. Allen. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ. Affirmed.

Assumpsit on a promissory note.

From the record it appeared that a summons issued June 21, 1905, returnable Monday, June 26, 1905.

The sheriff's return to the writ is as follows :

" Served William H. Allen, the within-named defendant, by handing June 23, 1905, a true and attested copy of the within writ to an adult member of said defendant's family, at No. 4045 Powelton ave., the dwelling house of defendant."

The statement and rule to file an affidavit of defense within fifteen days were filed on June 21, 1905, and copy served the same day.

On July 10, 1906, judgment was entered by the prothonotary for want of an affidavit of defense and execution issued. The defendant then presented his petition, showing that service of the statement had been made upon him prior to the service of the summons, and that the copy of statement contained no reference to the court or number of the case.

**138**     LOEB *v.* ALLEN, Appellant.

Statement of Facts—Opinion of the Court. [32 Pa. Superior Ct.

No answer was filed to the petition, and at the argument the court expressed a preference to hear the merits of the defense. A supplemental petition was then filed and an answer filed by the plaintiff and depositions were taken in support of the petition. Upon hearing further argument the court discharged the rule.

*Error assigned* was order discharging rule to open judgment.

*Charles L. Smyth*, for appellant, cited: Com. v. Bangs, 22 Pa. Superior Ct. 403; Brushvalley Twp. Poor Directors v. Allegheny County Poor Directors, 25 Pa. Superior Ct. 595 ; Fowler v. Eddy, 110 Pa. 117 ; Com. v. Barnett, 199 Pa. 161; Wolf v. Binder, 10 Pa. C. C. Rep. 108 ; Eliot v. McCormick, 144 Mass. 10 (10 N. E. Repr. 705).

*Stanley Folz*, for appellees.

PER CURIAM, November 19, 1906 :

In Commonwealth v. Bangs, 22 Pa. Superior Ct. 403, copy of the statement was served on defendant on May 7, the date the writ issued, the writ was served on May 19, and judgment for want of an affidavit of defense was entered on May 28. It was held that this was irregular, because the defendant was not bound to take notice of the action until the writ was served. In Gorman v. Hibernian B. & L. Assn., 154 Pa. 133, where the statement was filed with the præcipe for the writ, and copy thereof served on October 1, but the summons was not served until the following day, it was held that judgment was regularly entered for want of an affidavit of defense on November 29, notwithstanding the fact that the copy of the statement was served a day before service of the writ. These two cases are not in conflict, for, it will be observed, in the latter case, the statutory fifteen days period intervened after jurisdiction of the defendant had attached by service of the writ, while in the former case it had not. The case at bar is not distinguishable from Gorman v. Hibernian B. & L. Assn. except in this, that the paper purporting to be a copy of the statement, we quote from the defendant's petition, " did not contain thereon the number of any court, or the number of any case whatsoever

on any part of said paper." Surely the defendant was not bound by a service of such a paper to take notice of the action prior to the service of the writ, but when the writ was served, two days afterwards, he received notice of the court wherein the action was pending, and all the information necessary to enable him to make his defense. In view of the decision in the case last cited we are unable to hold that he could safely ignore the copy of statement and the rule to file an affidavit of defense, and treat the premature service thereof as equivalent to no service. Moreover, in his supplemental petition to open the judgment he set up a defense upon the merits, depositions were taken on both sides relative thereto, and these were submitted for the consideration of the court. It is stated that this was done upon the suggestion of the court, but it does not appear that he was under any compulsion to comply with the suggestion. He was at liberty to stand on the technical objection he had made, and that alone, and take the chances of its sufficiency in the court below, or in this court upon appeal, or he could appeal to the conscience of the court below, acting as a chancellor, to inquire into the merits. He chose the latter course, and there are not wanting authorities which tend to sustain the appellees' contention that he thereby waived the mere irregularity of procedure: Treasurer of Div. No. 168 v. Keller, 23 Pa. Superior Ct. 135. At any rate, the most that he can claim is, that the case then became one which called for the exercise of a sound discretion, and that it was incumbent upon the court to examine the entire evidence, and discharge, or make absolute, the rule to open in accordance with the principles applicable to such equitable proceeding. An examination of the evidence bearing upon the merits of the case has convinced us that the discretion of the court was properly exercised.

The order is affirmed, and the appeal dismissed at the costs of appellant.