## Murta et al. *v.* Reilly, Appellant.

*Practice, C. P.—Statement of claim—Time for filing—Affidavit of defense—Act of March 10, 1921, P. L. 16—Stay of proceedings —Rules of court.*

1. A statement of claim may be filed with or at any time after, but not before, the filing of a præcipe for a summons.

2. A statement and rule to file an affidavit of defense may be served on defendant after the action has begun, though no writ is then outstanding.

3. The fifteen days prescribed for filing an affidavit of defense does not begin to run until defendant has been served with a summons, or has entered his appearance to the action.

4. Under the Act of March 10, 1921, P. L. 16, an affidavit of defense need not be filed before the return day of the summons.

5. If a defendant wishes to question in limine the right of plaintiff to a summary judgment, founded on papers filed and served before the summons was issued, the proper course to pursue is to apply to the court for a stay of proceedings until this question is determined.

6. Where there is no statute on a question of practice, the courts have undoubted power to make a rule regarding it.

7. In making rules which provide for a limitation of time for proceeding in a given matter, it would seem wise to adopt the period prescribed by statute or existing practice in regard to other matters of procedure.

Argued May 12, 1922. Appeal, No. 287, Jan. T., 1922, by defendant, from order of C. P. No. 4, Phila. Co., June T., 1921, No. 8953, discharging rule to strike off judgment, in case of John P. Murta et al., trading as Murta, Appleton & Co. v. Thomas Reilly. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, SADLER and SCHAFFER, JJ. Affirmed.

Rule to strike off judgment.  Before AUDENRIED, P. J. The opinion of the Supreme Court states the facts. Rule discharged.  Defendant appealed.

*Error assigned,* inter alia, was order, quoting it.

*James Francis Ryan,* with him *Michael J. Ryan,* for appellant.—Defendant was not in court when served with the statement and such service was a nullity.  There was no action then pending and the subsequent issuance of an alias did not bring defendant within the jurisdiction of the court as of the date of the original writ: First Nat. Bank v. Cooke, 3 Pa. Superior Ct. 278; Com. v. Bangs, 22 Pa. Superior Ct. 403; O'Neill's Est., 29 Pa. Superior Ct. 415; Davidson v. Thornton, 7 Pa. 128.

The Practice Acts of 1915 and 1887 did not change the Act of June 13, 1836, P. L. 568 (Pa. St. 1920, section 17069), relating to the beginning of personal actions by summons, and defendant is not in court until a writ has been regularly issued and served on him on or before the return day: Spang v. Express Co., 75 Pa. Superior Ct. 107; Com. v. Bangs, 22 Pa. Superior Ct. 403.

The case at bar does not fall within the ruling of those cases in which the statement was served while there was an active writ outstanding which was duly served.  In those cases there was an action pending: First Nat. Bank v. Cooke, 3 Pa. Superior Ct. 278; Gorman v. B. & L. Assn., 154 Pa. 133; Loeb v. Allen, 32 Pa. Superior Ct. 137.

*Alvin L. Levi,* with him *David Mandel, Jr.,* and *Julius C. Levi,* for appellees, cited: Loeb v. Allen, 32 Pa. Superior Ct. 137; Griesmer v. Hill, 225 Pa. 545; Beishline v. Kahn, 265 Pa. 101; Dick v. Forshey, 71 Pa. Superior Ct. 439; Lynn v. M'Millen, 3 P. & W. 170; Hall & McKelvey v. Law, 2 W. & S. 121; Davidson v. Thornton, 7 Pa. 128; Williamson v. McCormick, 126 Pa. 274; Jeannette Boro. v. Roehme, 197 Pa. 230; Ingrava v. Suman,

77 Pa. Superior Ct. 344; Bovaird v. Ferguson, 215 Pa.
235; Phila. v. Cooper, 27 Pa. Superior Ct. 552.

OPINION BY MR. JUSTICE SIMPSON, June 24, 1922:

Defendant appeals from the refusal of the court below to strike off a judgment, which he alleges was wrongfully entered against him for want of an affidavit of defense. The relevant dates to be considered are as follows:

On August 22, 1921, a writ of summons assumpsit was issued, returnable September 5, 1921; this was later returned nihil habet.

On September 9, 1921, plaintiff filed a statement of claim and ruled defendant to file his affidavit of defense.

On September 13, 1921, copies thereof were served on defendant.

On October 6, 1921, an alias summons was issued returnable October 17, 1921. It was duly served and, on the last named date, defendant entered a general appearance.

On November 9, 1921, judgment was entered for want of an affidavit of defense.

On November 28, 1921, defendant moved to strike off the judgment, alleging "that the service made upon him under the writ returned nihil habet is void and of no effect, and any judgment based upon such service is unlawful."

He contended in the court below that the judgment was erroneous, because "no action was pending" at the time the statement and rule were served. Probably this was simply an inadvertence, since an action is pending from the time of the impetration of the writ, whether served or not; continues thereafter for the period provided by law for the commencement of such a suit; and will not expire so long as the statutory period does not elapse between the issuing of the original or any succeeding writ and the one which follows it: Rees v. Clark,

213 Pa. 617; Bovaird & Seyfang Mfg. Co. v. Ferguson, 215 Pa. 235. In this court, defendant claimed that the writ was a "dead writ" after its return day had passed. So far as relates to service of process, this conclusion is correct, there being no statute providing otherwise; it is, however, beside the question under consideration, for the statement of claim was not filed and served under the original or any other writ, but simply in the pending suit.

The real questions involved are, therefore, could the statement of claim and rule to file an affidavit of defense be properly served at a time when there was no writ outstanding, and, if they could, when did the rule begin to run? Upon these points we cannot add anything of value to what was said by the president judge of the court below:

"An action of assumpsit must, of course, be commenced by the issuance of a summons. It cannot be begun by filing a statement of claim. 'The plaintiff may file his statement and have it served on the defendant the same day the writ issues': Beishline v. Kahn, 265 Pa. 101. The time of the filing of the statement, however, has no legal relation to the time of the service of the summons: Dick v. Forshey, 71 Pa. Superior Ct. 439.

"On facts substantially identical with those in the case at bar, the Superior Court, in Bank v. Cooke, 3 Pa. Superior Ct. 278, held that a judgment for want of an affidavit of defense was irregular and should be struck off. This decision was put on the ground that, until he has been served with the summons or has voluntarily appeared, the defendant is not within the jurisdiction of the court, and that, unless he has appeared or been brought in by process, the service of the statement upon him is absolutely without effect. Ten years later, the same court, in Loeb v. Allen, 32 Pa. Superior Ct. 137, declared that it was unable to hold that a defendant who is served with a copy of a statement of claim and a rule to file an affidavit of defense, without having been first

served with a summons, may safely ignore the copy of statement and rule, if later the summons .s served on him.

"In Gorman v. Hibernian B. & L. Assn., 154 Pa. 133, the statement of claim was filed with the præcipe, but the copy thereof was served on the defendant before he was served with the writ. The Supreme Court held that the fact that the service of the statement preceded that of the writ was immaterial, and refused to disturb a judgment entered for want of an affidavit of defense.

"These cases were all decided before the passage of the Practice Act of 1915, but nothing in that statute seems to bear on the question raised by the plaintiff's rule.

"Upon principle, and on the authority of the decision of the Supreme Court in the case last cited, we have reached the conclusion that until the plaintiff files his præcipe for a summons he may not lawfully file his statement of claim; that if the statement is filed with the præcipe or any time afterwards, a copy of it endorsed with the notice prescribed by section 10 of the Practice Act may be served on the defendant immediately; and that the fifteen days allowed for the filing of an affidavit of defense to the statement so served do not begin to run until the defendant has either been served with the summons or voluntarily entered an appearance. The Act of March 10, 1921 (P. L. 16), provides that in no case need the affidavit of defense be filed before the day to which the summons is returnable."

These considerations dispose of the present appeal, for the judgment was not entered until more than fifteen days after service of the copies and of the alias writ, and of the actual entry of defendant's appearance.

From the affidavit for the rule to strike off the judgment, it appears that defendant knew there was a possibility it might be entered by default, if he did not file an affidavit of defense in time; for he avers he had the prothonotary make "notation upon the appearance docket ......that no judgment should be entered thereon un-

less a new statement of claim had been served and a notice duly entered upon your deponent to file his affidavit of defense." Like most ex parte attempts to interfere with the usual course of legal procedure, this failed of its purpose, the notice being ignored and the default judgment entered. If defendant wished this question decided in limine, he should have applied to the court itself for a stay of proceedings until the statement and rule were properly served; and, if this was subsequently discharged, he could then have asked for an extension of time to file his affidavit of defense: Section 22 of the Practice Act of May 14, 1915, P. L. 483, 486. If he had taken this course, it is more than probable his "sober second thought," if he had a defense on the merits, would have reminded him that the slight delay to be gained, would hardly justify the necessary expense of an appeal.

Since great injustice might be done if a defendant was not brought into court, by service of an alias or pluries writ, until a number of years after copies of a statement and rule to file an affidavit of defense had been served on him,—when possibly the copies had been mislaid and forgotten, or the member of his family, upon whom they were served, had died or moved away,—we were at first tempted to lay down a general rule for all future cases; but have concluded, since the local requirements may vary in the several districts, to leave this for such action, by the courts of first instance, as to them shall seem wise. Of course they would be swift to open a default judgment under such circumstances, if a defense on the merits was shown; but an innocent defendant should not be compelled to suffer the embarrassment and loss which sometimes results from the entry of a judgment, and its continuance, pending final disposition of the case.

Since there is no statute on the subject, the courts have undoubted power to make a rule regarding it: Vanatta v. Anderson, 3 Binney 417; Russell v. Archer, 76 Pa. 473; Standard Underground Cable Co. v. Johnstown Telephone Co., 26 Pa. Superior Ct. 432, 435. Perhaps

it would be wise to limit, by analogy, the efficacy of the service of the statement and rule to file an affidavit of defense to the period within which, by existing rules, a statement of claim must be filed, or in default a non pros entered (Waring v. Penna. R. R. Co., 176 Pa. 172, 175-6, 180), or at least within the term of court to which the writ issues,—this, by common law, by statute, and by modern practice, being the period of time within which a party is frequently required to act, if he intends to disturb an existing status. These, however, are merely suggestions, the value of which will doubtless depend on the local conditions in the particular districts.

Possibly we should add that nothing we have said is intended to affect the question of opening this judgment, if that relief is sought.

The order of the court below is affirmed.