## Smith et al. v. Bergdoll.

*Edmonds, Obermayer & Rebmann,* for plaintiffs.

*David R. Griffith,* for defendant:

LEWIS, J., March 18, 1931.—This matter came before the court on a rule to strike off a judgment for want of an appearance and to set aside the writ of inquiry, assessment of damages and writ of attachment sur judgment.

The facts are these: On January 31, 1929, plaintiff's præcipe for summons in trespass and plaintiff's statement of claim were filed simultaneously. The sheriff's return shows that on February 6, 1929, he served the summons and a copy of the statement by "handing a true and attested copy of the within writ and a copy of the statement of claim to an adult member of defendant's family at 52nd and Wynnefield Avenue." On May 2, 1929, defendant filed a petition under the Act of March 5, 1925, P. L. 23, asking a rule to show cause why the service of the writ and the statement of claim should not be set aside. On October 4, 1929, this rule was made absolute. On June 30, 1930, an *alias* summons in trespass issued returnable the first Monday of August, 1930, which summons was personally served on defendant that same day. On December 23, 1930, no appearance having been entered for defendant, judgment was taken under the Act of June 13, 1836, P. L. 568. This act provides (section thirty-three) that "If the defendant in any writ of summons as aforesaid, shall not appear at the return day thereof, and the officer to whom such writ was directed, shall make return that it was served upon the defendant ten days before the return day aforesaid, it shall be lawful for the plaintiff, having filed his declaration, to take judgment thereon for default of appearance, according to the rule established by the court to regulate the practice in this respect."

In the case before us, the writ returnable the first Monday of August was served on June 20th, well beyond the ten-day period specified. Judgment was taken on December 23rd, well beyond the *quarto die post*, the first possible day for judgment according to our practice. Defendant's main reliance must, therefore, be on the construction of the Act of 1836. He contends that the declaration contemplated by the phrase ". . . it shall be lawful for the plaintiff, having filed his declaration, to take judgment . . ." must necessarily be a declaration valid in every respect. He likewise contends that defendant was first brought within the jurisdiction of the court on June 30, 1929, and that in consequence, the declaration filed January 31, 1929, is a mere nullity and as such insufficient to support a judgment.

In support of his argument, defendant calls to our attention First National Bank of Tyrone *v.* J. W. Cooke, 3 Pa. Superior Ct. 278, and Com. *v.* Bangs, 22 Pa. Superior Ct. 403. Both cases hold that inasmuch as a defendant is not technically within the jurisdiction of the court until actual service of the writ is obtained, an earlier service of the declaration is a nullity, at least so far as furnishing proper support for the entry of judgment for want of an affidavit of defense. Both cases, however, ignore completely the opinion of the Supreme Court in Gorman *v.* Hibernian B. & L. Ass'n, 154 Pa. 133. True, in this last-cited case service of the statement preceded service of the writ by but a few hours. Yet, in Loeb *v.* Allen, 32 Pa. Superior Ct. 137, decided three years after Com. *v.* Banks, *supra*, the Superior Court decided, basing its opinion directly on Gorman *v.* Hibernian B. & L. Ass'n, *supra*, that earlier service of the statement is not a nullity, and that, the statutory period having elapsed, judgment may properly be entered for want of an affidavit of defense, and in Loeb *v.* Allen the statement was served twelve days before the writ. If further authority be necessary, Murta et al. *v.* Reilly, 274 Pa. 584, in which the statement was served approximately a month before the *alias* writ, completely disposes of all questions as to the validity of statements served before the actual service of the writ.

It may be noted in passing that the cases cited above all turn on the propriety of judgments entered for want of an affidavit of defense, a matter in which the exact time of service of the statement is of vital importance to defendant. On the other hand, in requiring the filing of a declaration before entry of judgment for the want of an appearance the legislature was in all probability consulting the convenience, not of the defendant, but of the prothonotary, who should, theoretically, at least, assure himself that the declaration contains a good cause of action before entering the judgment.

Whether or not this conjecture as to the legislative intention be correct, it is obvious that in failing to appear as commanded in the writ defendant is guilty of a mild contempt, and that the consequent summary entry of judgment is not to be defeated by technical objections to a declaration which defendant has not deigned to examine. Nor are we impressed by the objection to the verdict found by the sheriff's jury, or to the assessment of damages by the prothonotary. The jury found damages aggregating $400. The distribution of this sum between the two plaintiffs is a matter of no moment to defendant. Obviously, the father, Walter R. Smith, is competent to satisfy the judgment so far as he is personally concerned therein, and counsel of record for the next friend is clothed with authority to receive and receipt for money due upon a judgment entered upon a verdict in suit for damages suffered by an infant. Payment by the defendant to the attorney of record is binding upon the infant: Stroyd v. Traction Co., 15 Pa. Superior Ct. 245. For the reasons above given, the rule to strike off the judgment, the writ of inquiry, assessment of damages and writ of attachment sur judgment was discharged.