Smith et al. *v.* Bergdoll, Appellant.

Argued October 14, 1931.

Before Trexler, P. J., Keller, Linn, Gawthrop, Cunningham and Baldrige, JJ.

*David R. Griffity, Jr.,* for appellant.

*John F. E. Hippel,* of *Edmonds, Obermayer & Rebmann,* for appellees.

OPINION BY CUNNINGHAM, J., March 14, 1932:

This is an appeal by the defendant from an order of the court below discharging his rule to strike off certain judgments entered therein. The alleged cause of action was negligence upon the part of defendant which caused personal injuries to Maxwell Smith, the minor son of Walter R. Smith.

They began their consolidated actions in trespass on January 31, 1929, and on the same day filed their statement of claim with the prothonotary. On February 7, 1929, the sheriff returned that he had served appellant the previous day by handing copies of the writ and of the statement of claim to an adult member of the appellant's family. On May 2, 1929, appellant obtained a rule to show cause why the service of the writ and statement should not be set aside upon the ground that appellant did not live at the address where service was made; this rule was made absolute on October 4, 1929, and the service stricken off.

Subsequently, on June 30, 1930, an alias summons was issued, returnable the first Monday of August, 1930, and personal service was made upon appellant by the sheriff on the same day. Appellant failed and neglected to enter his appearance and on December 23, 1930, judgment was entered for want thereof and a writ of inquiry of damages issued, returnable January 2, 1931. On the latter date witnesses for appellees appeared and testified before the sheriff's jury and damages were assessed at $400 in favor of appellees generally. They then issued a writ of attachment execution against appellant and a local trust company, as garnishee, attaching any funds in its hands belonging to appellant; service of the writ and of interrogatories was had upon the garnishee; answers were filed stating it had the sum of $550 standing to the credit of ap-

pellant; judgment was entered against the garnishee on February 2, 1931. On February 18th a rule was granted upon appellees to show cause why the judgment against appellant for want of an appearance and the judgment against the garnishee upon its answers should not be stricken off.

The Act of June 13, 1836, P. L. 568, section 33, under which the judgment for want of an appearance was entered, reads: "If the defendant in any writ of summons as aforesaid, shall not appear at the return day thereof, and the officer to whom such writ was directed, shall make return that it was served upon the defendant ten days before the return day aforesaid, it shall be lawful for the plaintiff, having filed his declaration, to take judgment thereon for default of appearance, according to the rules established by the court to regulate the practice in this respect."

It is appellant's contention that, when the rule was made absolute to strike off the service of the original summons, the statement of claim previously filed with the prothonotary became a nullity and judgment could not thereafter be entered for want of an appearance unless a new statement of claim was filed. He seeks to support his contention by the decisions in First National Bank of Tyrone v. Cooke, 3 Pa. Superior Ct. 278, and Commonwealth v. Bangs, 22 Pa. Superior Ct. 403. These cases involved attempts to enter judgment for want of an affidavit of defense and hence may be disregarded on that ground alone; however, see Loeb v. Allen, 32 Pa. Superior Ct. 137. The only requirements of the Act of 1836 are that the plaintiff shall have filed his declaration or statement of claim and that it shall appear from the return of the proper officer that the summons was served upon the defendant at least ten days before the return day. This is precisely what took place in the present case. The summons was served on June 30, 1930, and was made returnable the first Monday of August, well beyond the

ten-day period. Judgment for want of an appearance was entered on December 23, 1930, more than four months after the return day of the writ. It is immaterial that the service of the statement of claim, made upon appellant at the commencement of the action, was set aside or whether it was ever served upon him. A judgment entered for want of an appearance is based, not upon a defendant's failure to answer the plaintiff's statement, but upon his failure to appear and submit himself to the jurisdiction of the court. The requirement that the statement of claim be filed with the prothonotary before judgment may be entered is to show that officer that the plaintiff has at least a prima facie cause of action. The important thing is that the statement be on file when the judgment is entered—whether or not it has been served on the defendant is immaterial. Appellant's contention that the statement of claim was a nullity because it was filed before the alias writ was served upon him is not tenable; an action is pending from the impetration of the writ, whether served or not: Murta et al. v. Reilly, 274 Pa. 584.

The court of common pleas of Philadelphia County has by Rule 59 prescribed the procedure for entering judgment for want of an affidavit of defense, where the statement is served before the writ, but it has adopted no rule regulating the entry of judgment for want of an appearance; hence the general principles above referred to are applicable here.

Up to this point we agree with the court below, but, in our opinion, the judgment against the garnishee is fatally defective by reason of the failure of the sheriff's jury to apportion the damages between the appellees. The minor sued for his own injuries, and the father for medical expenses incurred and loss of his son's earnings. These are separate and distinct grounds for recovery. It is true that the Act of May 12, 1897, P. L. 62, requires that the two rights of action

shall be redressed in one suit, but it also provides: "If both parent and child join in the suit, separate verdicts shall be rendered, one verdict determining the right of the child, and the other verdict determining the right of the parent, and separate judgments shall be rendered thereon with the right to separate executions."

If appellees had recovered before a jury in the common pleas, separate verdicts would have been rendered and separate judgments entered thereon. Identical provisions in the Act of May 8, 1895, P. L. 54, providing for the consolidation of actions by husband and wife, have been held mandatory: Hug v. Hall, 79 Pa. Superior Ct. 392; Leckstein v. Morris, 80 Pa. Superior Ct. 352. When a defendant fails to enter an appearance, judgment for want thereof is entered in the first instance and damages are assessed afterward; the judgment here merely fixed the liability of appellant to the appellees in some amount. The two actions were distinct, although consolidated, and hence damages should have been assessed in favor of each appellee separately. This was not done. The record merely shows an inquisition in which the jury found that the appellees had sustained damages in the total sum of $400. No attempt was made to segregate these damages and as the appellees do not, under the law, have a joint right in the total sum awarded the inquisition cannot be sustained.

The equities are all in favor of the appellees as the service of the original writ was set aside after appellant's counsel had appeared at bar and asked to have the case marked "not reached." We, however, have no power to apportion the damages, nor have we any basis for a division even if we had authority to make it. As the inquisition is defective the subsequent proceedings against the garnishee must also fall because no judgment can properly be entered against

it in any stated amounts, and the act expressly provides for separate executions.

The judgment against appellant for want of an appearance was properly entered and in so far as the rule to strike off applied to that judgment it was properly discharged, but the judgment against the garnishee should have been stricken off by reason of the defects appearing upon the record of the assessment of damages. Appellees would then have been in position to issue an alias writ of inquiry by complying with the rules of court relative to notice, etc.

The writ of inquiry, assessment of damages and the judgment against the garnishee are stricken from the record with a procedendo.