## Provident Mutual Life Insurance Company of Philadelphia v. Brith Achim Building & Loan Association

*Howard H. Rapp*, for plaintiff.
*Louis Halprin*, for defendant.

BONNIWELL, J., December 16, 1935.—This is an action in assumpsit commenced September 9, 1935. The summons was served on September 12, 1935, and was returnable on October 7, 1935. On October 3, 1935, the statement of claim was filed. On October 31, 1935, judgment

was entered by plaintiff for want of appearance. On November 14, 1935, a copy of the statement of claim was served upon defendant's attorney. The defendant then took this rule to strike off the judgment and statement of claim.

The Act of June 13, 1836, P. L. 568, sec. 33, under which the judgment for want of an appearance was entered, reads:

"If the defendant in any writ of summons as aforesaid, shall not appear at the return day thereof, and the officer to whom such writ was directed, shall make return that it was served upon the defendant ten days before the return day aforesaid, it shall be lawful for the plaintiff, having filed his declaration, to take judgment thereon for default of appearance, according to the rules established by the court to regulate the practice in this respect."

It is defendant's contention that the statement of claim filed became a nullity because a copy thereof was not served within 48 hours thereafter according to Rule 60(b) of this court, and judgment could not thereafter be entered for want of an appearance.

"The only requirements of the Act of 1836 are that the plaintiff shall have filed his declaration or statement of claim and that it shall appear from the return of the proper officer that the summons was served upon the defendant at least ten days before the return day": Smith et al. v. Bergdoll, 104 Pa. Superior Ct. 49, 52.

It is immaterial whether or not a copy of the statement of claim was ever served upon the defendant or his attorney:

"A judgment entered for want of an appearance is based, not upon a defendant's failure to answer the plaintiff's statement, but upon his failure to appear and submit himself to the jurisdiction of the court. The requirement that the statement of claim be filed with the prothonotary before judgment may be entered is to show that officer that the plaintiff has at least a prima facie

cause of action. The important thing is that the statement be on file when the judgment is entered—whether or not it has been served on the defendant is immaterial": Smith et al. v. Bergdoll, supra, page 53.

Neither this court, nor the Court of Common Pleas of Philadelphia County, has adopted any rule regulating the entry of judgment for want of an appearance; hence the general principles above referred to are applicable.

The rule to strike off the judgment and the statement of claim is discharged.