## Roche et al. v. Scavicchio et al.

76

*Richter, Lord & Farage,* for plaintiffs.

JONES, J., January 25, 1950.—The matter at issue arises upon a petition for the approval by the court of a compromise settlement of an action in trespass for personal injuries to a minor. The action is a consolidated action brought by the father and mother as the parents and natural guardians in behalf of the minor and by themselves in their own right.

The record discloses the filing of a præcipe for a writ of summons in trespass by counsel for the plaintiffs August 9, 1949, and the issue of the writ upon the same date. There is no return of service of the writ. No pleadings were filed. There is no appearance by or on behalf of the defendants. The petition for the approval of the compromise-settlement was filed November 18, 1949.

Petitioners, Francis Edward Roche and Dorothy Roche, aver that they are the parents of Elizabeth Roche, a minor, six years of age; that upon November 6, 1948, the said minor "was struck by an automobile owned by defendant Dominick Scavicchio, and being

operated by defendant Jack Scavicchio, causing" injuries to the minor which are averred in the third paragraph of the petition to be "fracture of the left leg, puncture of the lung, and post-concussion state, from all of which injuries said minor has completely recovered"; that they engaged counsel who instituted, it would appear, the above-entitled consolidated action. It is further averred in paragraphs 5, 6 and 7 as follows:

"5. That defendants have offered the sum of $1,750 in full payment of all claims of your petitioners against the defendants.

"6. That your petitioners pray leave to pay a counsel fee to Richter, Lord & Farage, Esqs., in the sum of $475.78 and to reimburse them for costs expended in the preparation and institution of suit, and for medical expenses in the sum of $322.66, arrived at as follows:

| | |
|---|---|
| Dr. Harry M. Forbes | $200.00 |
| Dr. J. C. Yaskin | 50.00 |
| Investigation | 20.41 |
| Sheriff | 2.25 |
| Cab fares, prescriptions | 50.00 |
| | $322.66 |

"7. That the balance of $951.56 be paid to a guardian to be appointed by the Orphans' Court of Delaware County, Pennsylvania."

Attached to the petition is a form of "Order" to be executed by the court in conformity with the prayer of the petition.

Such was the state of the record when the petition was listed for hearing before the motion judge January 6, 1950. It had been listed theretofore upon November 25, 1949, and December 28, 1949. It was not answered when called and thereafter listed, as stated, January 6, 1950.

<sup>1</sup> Pa. R. C. P. No. 2026-2050 govern the practice in actions wherein a minor is a party. Rule 2026 defines the term, "action", in the following language:

" 'action' means any civil action or proceeding at law or in equity brought in or appealed to any court of record which is subject to these rules;".

Rule 2039 (a) provides:

"No action to which a minor is a party shall be compromised, settled or discontinued except after approval by the court pursuant to a petition presented by the guardian of the minor."

Rule 2039 refers to an "action . . . brought in or appealed to any court of record" "to which a minor is a party". This is a fact with definite legal significance. An action is the legal procedure by which a plaintiff's right is asserted in a court of competent jurisdiction. An "action" is "brought" within the meaning of the rules "from the time of the impetration of the writ, whether served or not; . . ." <sup>2</sup>

Whether or not an action was pending making the cited Rules of Civil Procedure applicable when the petition in the instant case was filed, whether or not an action is pending at this time is more than questionable. The action was commenced by a writ of summons (Pa. R. C. P. 1007(1)). There was no service of the writ by the sheriff (Pa. R. C. P. 1009), no return of service (Pa. R. C. P. 1013), no reissuance of the writ (Pa. R. C. P. 1010), no Complaint filed and served. There was no appearance by or on behalf of the defendants. The defendants did not join in the prayer of the peti-

---

<sup>1</sup> Cf. Opinion of writer filed September 3, 1946, in the case of William Keller, Jr., a minor, et al. v. David Galbin, Municipal Court, August Term, 1946, No. 74.

<sup>2</sup> Murta v. Reilly, 274 Pa. 584, 586 (June 24, 1922); Smith v. Bergdoll, 104 Pa. Superior Ct. 49, 53 (March 14, 1932).

tion. While it is true that an action is pending when the writ is issued, whether served or not,[3] nevertheless, if no return of service is made within the time-limit fixed by law (Pa. R. C. P. 1009) the writ is abandoned and with its abandonment the action is no longer pending.[4] Since, however, reissuance of the writ may be had under Pa. R. C. P. 1010 within the period of the statute of limitations, thereby making it a pending action at such time, it is pertinent to discuss the jurisdictional requirements and the essentials of a compromise petition.

The jurisdictional power of the court to try the action is a prerequisite to the court's authority to approve the compromise, settlement or discontinuance of an action. Without the former, the latter does not exist, for the power to approve is corollary to the power to try. Pa. R. C. P. No. 2039 operates procedurally and in conformity with existing substantive law. It does not confer such power of approval upon a court which does not have the power to try the action and to enter judgment therein. The amount claimed in a civil action at law or in equity in the Municipal Court must be averred in the Complaint or in a certificate attached to the Complaint, thereby not only fixing the extent beyond which recovery may not be had but also averring the jurisdictional power of the court to try the action.

The Municipal Court out of which the writ issued in the instant action has "jurisdiction in all civil actions at law and in equity where the value of the matter or thing in controversy, exclusive of interest and costs, does not exceed the sum of two thousand five hundred dollars ($2,500). The amount claimed by the plaintiff, where the said claim is for a sum certain,

---

[3] Murta v. Reilly, 274 Pa. 584 (June 24, 1922).

[4] Bovaird & Seyfang Co. v. Ferguson, 215 Pa. 235, 238 (May 14, 1906) ; Magaw v. Clark, 6 Watts 528 (1837).

shall be conclusive as to the jurisdiction of the court; in all actions brought for the recovery of money, and in actions at law or in equity not involving any sum certain, the plaintiff shall file with his statement a certificate as to the amount of the thing or matter in controversy." [5] There is no compliance with the statutory jurisdictional requirements. In such state of the record the Municipal Court is without jurisdictional authority to consider the petition.

Furthermore the court is confronted with the fact that, no Complaint having been filed with material fact averments of the cause of action and an averment of the amount of the damages claimed, there is no averment of the facts upon which the claim of the minor is based other than the meager averments of the petition which present no standard by which the damages to which the minor-plaintiff is entitled can be measured. As in the case of a trial [6] and in the case of a writ of inquiry of damages,[7] (now a trial under authority of Pa. R. C. P. 1047), it is an essential and primary requisite that a Complaint be filed before the approval of the court can be obtained.

The petition is not and cannot be regarded as a substitute for a Complaint. The function of the petition is to inform the court of the amount and terms of the proposed settlement and to set forth the facts to be substantiated at a hearing which make the compromise to the interest of the minor. The petition in the instant case is devoid of such fact averments.

---

[5] Act of July 12, 1913, P. L. 711, sec. 10 as amended; 17 PS Sec. 693; Caruso v. Gallo, 62 Pa. Superior Ct. 584, 586 (April 17, 1916).

[6] Act of May 14, 1915, P. L. 483, and its amendments.

[7] Act of June 13, 1836, P. L. 568, secs. 33, 34; 12 PS secs. 732, 733; Smith v. Bergdoll, 104 Pa. Superior Ct. 49, 53 (March 14, 1932).

When the distribution of the amount of the compromise-settlement prayed for as set forth in paragraphs 6 and 7 of the petition is examined it is found that the proposed compromise covers the claims of the minor and his parents. What amount to each is not stated other than that the minor is to receive the balance remaining after the payment of the bills of the doctors and the costs, expenses and counsel fees in both actions. The family relation exists in the instant case. Where such relationship exists it is required that the recovery of expenses for medical care and attention be obtained in an action by the father or the parents in his or their behalf. Such expenses cannot be paid from the sum to which the minor is entitled. This matter was considered in the case of In re Charles Mikasinovich,[8] wherein the action of the father in his own right and that of the minor by his father were consolidated.[9] The court said, inter alia (pp. 259, 260) :

"As respects the petition of the hospital and attending physician, neither of them has any claim upon the ward, as respects the fund derived by his guardian from the trial or settlement of this action or the accident and injuries with which it is concerned. Where a minor is living with his father in the family relation, in case of an action for injuries to the minor through the negligence of a third party, the claim of the father must include hospital and medical bills and expenses incurred because of the injury, if they are to be recovered, as well as compensation for loss of services of the son until he is twenty-one years old: . . . ; while the minor's claim is restricted to damages for pain and suffering and loss of earning power after he becomes of age: . . .

---

[8] In re Charles Mikasinovich, 110 Pa. Superior Ct. 252, 259, 260 (October 2, 1933).

[9] Smith v. Bergdoll, 104 Pa. Superior Ct. 49, 53, 54 (March 14, 1932).

"It follows that if this case had been, or should be, brought to trial, the verdict, if any, for the minor plaintiff could not have included, or could not include, one cent for hospital expenses or doctor's bills; that all such items would have to be included in the verdict, if any, for the father; and that the hospital and attending physician would have to look to the father for payment. . . ."

Counsel fees and expenditures averred to have been made in the preparation and institution of the consolidated action are lumped. What portion thereof is allocated to the minor's action and is to be paid out of the fund created by the compromise of the minor's action is not averred. Though the actions be consolidated there must be separate verdicts in each. The measure of damages differs in each. Costs, expenses and counsel fees in each action must be allocated to the action in which they arise.

Manifestly the averments of the petition are inadequate and not in conformity with the law and the cited rules of civil procedure.

A consideration of the evidence required to be presented at a hearing upon a petition for the court's approval of a compromise-settlement is not required in the determination of the questions arising upon the instant petition. It is not amiss, however, to conclude by calling attention to the language of the opinion of the appellate court in the case of Rebic v. Gulf Refining Co. "that no settlement of the suit of a minor for personal injuries will be authorized or approved without the appearance of the minor in court and the advice of a physician as to the extent of his or her injuries."[10] This is a mandate to trial courts that the minor should be present at the hearing upon the peti-

---

[10] Rebic v. Gulf Refining Co., 122 Pa. Superior Ct. 149, 152 (July 10, 1936).

tion and that a physician or surgeon should be present also for the purpose of giving expert advice as to the extent of the minor's injury and the effects thereof.

In view of the foregoing it is required that the petition be dismissed. Another petition complying with the law may be presented. Accordingly the following order is made:

*Order*

And now, to wit, January 25, 1950, the petition is dismissed without prejudice.